23804

In the Matter of Don Anthony THOMPSON, Respondent.

(427 S.E. (2d) 644)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Don Anthony Thompson, pro se.*

Submitted Jan. 11, 1993.

Decided Feb. 16, 1993.

*Per Curiam:*

In this attorney grievance matter respondent has admitted certain ethical violations and consents to a public reprimand. We accept the conditional admission and publicly reprimand respondent.

Respondent was retained to represent Ronnie W. Berrios in a real estate closing. As part of his representation, he was to pay the real estate taxes and obtain title insurance on the property. He admits that he neglected his responsibility to pay the real estate taxes. As a result, the property was advertised for sale by the county tax authorities for non-payment of taxes and Mr. Berrios was required to pay back taxes, plus interest and penalties, and an advertising fee to keep the property.

In addition, respondent indicates that he sent Mr. Berrios an indemnification agreement required to be signed in order to obtain the title insurance. Although Mr. Berrios has not returned the signed agreement, respondent admits that he has not contacted Mr. Berrios to follow up on this matter for over a year. Therefore, title insurance has not yet been obtained on the property.

The monies deposited in respondent's real estate loan account are insufficient to cover the amount owed to Mr. Berrios. Respondent admits that he used Mr. Berrios' funds for purposes other than those for which they were intended.

Respondent also admits that he failed to cooperate with the Board of Commissioners on Grievances and Discipline. Specifically, respondent failed to respond to inquiries from the Board. He indicated to the Board, the Board member assigned to investigate the matter, and Mr.

Berrios that he would be submitting a check to Mr. Berrios, but failed to do so or to explain his failure. Members of the Bar are required to cooperate fully with the Board. *In re: Bruner*, 283 S.C. 114, 321 S.E. (2d) 600 (1984).

We publicly reprimand respondent for his conduct in this matter.

Public reprimand.