495 S.E.2d 777

**In the Matter of Oliver W. JOHNSON, III, Respondent.**

No. 24751.

Supreme Court of South Carolina.

Submitted Dec. 9, 1997.

Decided Jan. 26, 1998.

Oliver W. Johnson, III, Columbia, pro se.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for the Office of The Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and publicly reprimand respondent.

*Robert A.M. Kennedy Matter*

Andree S.M. Kennedy (mother) retained respondent to represent her son, Robert A.M. Kennedy (Kennedy). Respondent charged mother $15,000 to represent Kennedy in a court martial, a military separation hearing, and a criminal trial in

Kershaw County. Kennedy was convicted on the Kershaw County charge, and mother paid respondent $3,000 to handle an appeal of the conviction.

Respondent filed the notice of appeal but later convinced mother that an attorney more experienced in criminal matters should handle Kennedy's appeal. Mother followed respondent's advice and signed an agreement to pay another attorney $10,000 to handle the appeal. Pursuant to the agreement, respondent would receive $2,500 of the fee, and the other attorney would receive $7,500. In addition, the contract provided that respondent was to assist the other attorney in the appeal. Respondent, however, failed to materially assist with the appeal and failed to maintain contact with appellate counsel and mother during the appeal.

Additionally, in his response to the complaint in this matter, respondent alleged that he spent over 30 hours on Kennedy's appeal and provided a detailed break-down of how these hours were spent. Respondent, however, failed to produce time sheets or other documentary proof of his hours spent on the appeal, and admitted that he merely estimated the hours provided in his response to the Board of Commissioners on Grievances and Discipline. Respondent misled the Board to believe that he actually spent thirty hours on the appeal when in actuality, his response to the Board was an estimate.

*Gloria Coleman Matter*

In November of 1993, Gloria Coleman (Coleman) retained respondent to represent her in a divorce action. At the time, Coleman was living in South Carolina, but her husband, on active military duty, was stationed at Fort Bragg in Fayetteville, North Carolina. In February of 1994, Coleman informed respondent that her husband would be retiring from the military in April 1994, and that she wanted to begin divorce proceedings prior to his retirement date to preserve any interest she might have in his retirement funds.

Respondent failed to initiate action in Coleman's case until September of 1994, ten months after he was retained. Respondent filed pleadings which were dismissed without Coleman's knowledge. Later, without Coleman's knowledge or consent, respondent turned her file over to a North Carolina attorney to handle the divorce. In this matter, respondent

accepted a case he was not capable of handling, and did not provide proper attention to Coleman's legal matter. He then improperly terminated his representation of Coleman without her knowledge or consent.

*Shirley Hales Williams and Sheila Harrell Matters*

Shirley Hales Williams and Sheila Harrell each have one child fathered by respondent. The Lexington County Family Court entered two separate child support orders requiring respondent to make monthly child support payments to Williams and Harrell. At the time formal charges were filed in these matters, respondent was in arrears on both child support obligations. Respondent has admitted attorney misconduct by failing to obey the two Family Court Child Support Orders.

By his own admission, respondent has engaged in conduct in violation of the Rules of Professional Conduct. Rule 407, SCACR. Respondent has neglected legal matters entrusted to him and has engaged in conduct which brings the legal profession into disrepute. His conduct has been prejudicial to the administration of justice and adversely reflects on his fitness to practice law. Rules 1.1, 1.3, 1.4, 1.16(d), 8.4(d), and 8.4(e), Rule 407, SCACR. Respondent's conduct warrants a public reprimand. Accordingly, respondent is hereby publicly reprimanded.

PUBLIC REPRIMAND.