499 S.E.2d 811

**In the Matter of Rodman C. TULLIS, Respondent.**

**No. 24782.**

Supreme Court of South Carolina.

Submitted March 25, 1998.

Decided April 27, 1998.

Rodman C. Tullis, Spartanburg, pro se.

Disciplinary Counsel Henry B. Richardson, Jr., and Senior Assistant General James G. Bogle, Jr., Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR. In the agreement, respondent admits he has committed misconduct and consents to a public reprimand. We accept the agreement.

Floyd N. Lester was arrested for driving under the influence of alcohol in Florida in 1991. Lester pleaded guilty and, under the terms of a probationary sentence, was ordered to pay a $500 fine and perform 100 hours of community service. Florida authorities later revoked Lester's probation for failure to comply with the terms of his probation and he was rearrested in 1993. He was released on a $2,000 bond, which was later estreated by the state of Florida.

Lester went to work at a video rental store in Spartanburg owned by Carl and Wanda Austin. The Austins hired respondent to undertake efforts to resolve the outstanding warrant in Florida so that Lester could obtain a driver's license. The Austins contend they paid respondent $1,000 in May 1996 to represent Lester. Respondent admits he received $1,000 from the Austins, but asserts the money was payment for a portion of a fee the Austins owed him in an unrelated matter. Disciplinary counsel states that evidence presented at a panel hearing did not prove by clear and convincing evidence that

respondent received the $1,000 as payment for representing Lester.

Respondent admits, however, that he received $750 in June 1996 from the Austins in connection with his representation of Lester. Respondent was supposed to forward that money to pay the fine and other fees Lester owed the state of Florida. Instead, respondent cashed the check and did not use the funds to pay Lester's fine and fees. Respondent never contacted the Clerk of Court's office in Volusia County, Florida, although he did write a letter and make two telephone calls to a Florida prosecuting attorney on Lester's behalf.

Respondent also contacted the Salvation Army in Daytona Beach, Florida, about Lester's case. The Salvation Army provides correctional services for community service and probation. Respondent agreed to send the Salvation Army $240 in probation supervision fees, $500 for the fine, and proof that Lester had performed 100 hours of community service. Respondent never sent the money or the documentation. The Florida probation violation warrant issued against Lester remains outstanding.

Respondent did not reply to the first letter from the Commission on Lawyer Conduct regarding the Lester matter. Respondent did reply to the second letter from the commission. Respondent failed to reply to numerous telephone messages, a letter, and a faxed note from the attorney assigned to investigate the matter.

Respondent admits he has committed misconduct in this matter. Respondent failed to competently represent Lester, failed to timely provide information about the case to Lester or the Austins, and failed to promptly deliver funds paid on Lester's behalf to the state of Florida. Respondent engaged in conduct prejudicial to the administration of justice.

We conclude respondent, by his actions, violated Rules 1.1, 1.4(a), 1.15(b), 8.4(a) and 8.4(e) of the Rules of Professional Conduct contained in Rule 407, SCACR, and Rules 7(a)(1) and 7(a)(5) of the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR. Furthermore, respondent failed to reply promptly to commission inquiries into the Lester matter. Such a failure to respond is itself misconduct.

*In re Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982). We find that respondent's conduct warrants a public reprimand.

PUBLIC REPRIMAND.