514 S.E.2d 575

**In the Matter of Keith Andrew RICE, Respondent.**

**No. 24917.**

Supreme Court of South Carolina.

Heard Feb. 3, 1999.

Decided March 8, 1999.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Keith Andrew Rice of Aiken, pro se.

PER CURIAM:

In this attorney grievance matter, Keith Andrew Rice (Respondent) is charged with engaging in misconduct in violation of various provisions of the Rules of Professional Conduct (RPC) contained in Rule 407, SCACR, and the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR.

## PROCEDURAL BACKGROUND

The Commission on Lawyer Conduct (the Commission) began investigating this matter in March 1997. Respondent, an Aiken attorney, did not reply to two letters the Commission sent him in April 1997; nor did he reply to the notice of full investigation sent to him in January 1998. Respondent did not respond to the notice of formal charges, which was personally served upon him in April 1998 by an agent of the State Law Enforcement Division (SLED), and went into default.

Respondent did not appear at the subpanel hearing on July 30, 1998. The subpanel, concerned about Respondent's failure to respond to the Commission's inquiries, delayed consideration of the matter and directed the Commission to serve a subpoena to appear upon Respondent. A SLED agent personally served the subpoena to appear upon Respondent. He did not appear at the rescheduled hearing on August 13, 1998.

This Court sent Respondent a notice of the hearing in this matter by certified mail to his last known address, but the return receipt was signed by a person other than Respondent. Respondent did not appear at the hearing before this Court. Respondent is on inactive status with the Bar.

## THE BUSH MATTER

Respondent was appointed as conservator for Deborah Bush (Mother) in June 1995. Respondent filed an inventory and appraisement in August 1995. The probate court wrote Respondent in July and August 1996, asking him to file the annual accounting. Respondent filed an accounting on September 17, 1996, showing about $24,000 received in Mother's accounts, $20,000 disbursed, and a fee of $1,074 paid to Respondent.

During the following months, Ms. Bush's daughter, Natashia Bush (Daughter), was unable to contact Respondent in person or by telephone. In a letter to disciplinary counsel, Daughter stated she had been granted physical guardianship of Mother. She stated that Respondent "apparently stopped his law practice without giving me any type of notification or any way to keep in contact with him." She accused Respondent of giving Mother a blank check in December 1997 without her approval. She stated Mother's bills had not been paid and she had "no idea" what transactions had occurred in Mother's accounts.

The probate court issued an order in April 1997 appointing Daughter as temporary successor conservator. Respondent did not make a final accounting, but did deliver Mother's bank records to Daughter when she was appointed as conservator. The Commission's investigation uncovered no evidence Respondent had embezzled any funds or mishandled Mother's accounts, other than allowing her to write two checks to herself.

The Commission received unconfirmed reports that Respondent has medical problems. Other than that report, the record sheds no light on why Respondent failed to respond to the Commission's inquiries or whether he ever intends to practice law again. The subpanel recommended Respondent receive a definite suspension of nine months, and the full panel adopted that recommendation in October 1998.

## DISCUSSION

A disciplinary violation must be proven by clear and convincing evidence. *Matter of Yarborough,* 327 S.C. 161, 488

S.E.2d 871 (1997). While the Court is not bound by the findings of the subpanel and full panel, their findings are entitled to great weight, particularly when the inferences to be drawn from the testimony depend on the credibility of witnesses. *Id.* The Court may make its own findings of fact and conclusions of law, and is not bound by the panel's recommendation. *Burns v. Clayton,* 237 S.C. 316, 117 S.E.2d 300 (1960). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Matter of Kirven,* 267 S.C. 669, 230 S.E.2d 899 (1976).

After examining the facts, we find Respondent's misconduct has been proven by clear and convincing evidence. Respondent's failure to answer the formal charges or appear before the hearing panel constitutes an admission of the factual allegations. Rule 24, RLDE.

In the Bush matter, Respondent committed misconduct by failing to act with reasonable diligence and promptness in filing the annual accounting when due, and in failing to file the final accounting. Rule 1.3, RPC. Respondent also committed misconduct by failing to respond to the Commission's inquiries and requests for information. *See Matter of Thompson,* 310 S.C. 461, 427 S.E.2d 644 (1993) (members of the Bar are required to cooperate fully with disciplinary authorities); *Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982) (failure to comply with investigation is itself a disciplinable offense); Rule 7(a)(3), RLDE.

The appropriate sanction for neglect of several client matters generally is a public reprimand, provided the clients are not greatly prejudiced. *Matter of Moore,* 329 S.C. 294, 494 S.E.2d 804 (1997); *Matter of Alexander,* 301 S.C. 212, 391 S.E.2d 254 (1990); *accord Matter of Celsor,* 330 S.C. 497, 499 S.E.2d 809 (1998) (attorney's misconduct in violating various attorney disciplinary rules while handling probate matter and related wrongful death action warranted public reprimand where attorney falsely notarized signatures of client and compounded dishonesty by submitting documents to court); *Matter of Tullis,* 330 S.C. 502, 499 S.E.2d 811 (1998) (attorney's misconduct in failing to competently represent client, failing to timely provide information about case to client or to client's employers, who had paid attorney to represent client, failing

to promptly deliver funds paid on client's behalf to state of Florida to resolve matter of client's probation violation, and failing to reply promptly to inquiries by the Commission on Lawyer Conduct, warranted public reprimand); *Matter of Golden*, 329 S.C. 335, 496 S.E.2d 619 (1998) (making gratuitously insulting, threatening, and demeaning comments during two depositions warranted public reprimand); *Matter of Johnson*, 329 S.C. 363, 495 S.E.2d 777 (1998) (public reprimand of attorney was warranted by his misconduct in failing to fulfill contractual obligation to materially assist former client's new counsel in pursuing criminal appeal, in misleading disciplinary authorities to believe that he had spent thirty hours on such criminal appeal, in accepting divorce case he was not capable of handling, in not providing proper attention to divorce matter, in terminating his representation of client without her knowledge or consent and in failing to obey two child support orders); *Matter of White*, 328 S.C. 88, 492 S.E.2d 82 (1997) (public reprimand was warranted against attorney for improperly retaining file after termination based on assertion of retaining lien without notifying client of amount owed, ex parte communication with court in another matter, and commingling of personal funds with client trust funds by paying personal expenses from escrow account).

Respondent's failure to appear in the investigation and at the hearing before this Court, however, leads us to accept the panel's recommendation of a definite suspension of nine months. As we recently noted,

[a]n attorney usually does not abandon a license to practice law without a fight. Those who do must understand that neglecting to participate [in a disciplinary proceeding] is entitled to substantial weight in determining the sanction. An attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law. Such an attorney is likely to face the most severe sanctions because a central purpose of the disciplinary process is to protect the public from unscrupulous or indifferent lawyers.

*Matter of Hall*, 333 S.C. 247, 509 S.E.2d 266 (1998). Suspending Respondent for more than six months means he must petition this Court to be reinstated, be screened by the

504

Committee on Character and Fitness, and meet other criteria. *See* Rule 33, RLDE.

## CONCLUSION

For the foregoing reasons, we find Respondent committed misconduct. Respondent is hereby definitely suspended from the practice of law for nine months, with the suspension to begin on the date this opinion is issued. Within fifteen (15) days of the date of this opinion, respondent shall file the affidavit required by Rule 30(g), RLDE. This suspension is entered without prejudice to Respondent's right to move at any time to lift the suspension based on lack of notice of the hearing before this Court.

DEFINITE SUSPENSION.