652 S.E.2d 395

**In the Matter of Rodman C. TULLIS, Respondent.**

**No. 26383.**

Supreme Court of South Carolina.

Heard Sept. 18, 2007.
Decided Oct. 8, 2007.

Lesley M. Coggiola, Disciplinary Counsel, Henry B. Richardson, Jr., Senior Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, all of Columbia, for the Office of Disciplinary Counsel.

Rodman C. Tullis, of Spartanburg, Respondent, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel filed formal charges against respondent, Rodman C. Tullis, alleging misconduct in eight different matters. Respondent failed to file an answer, and he was found to be in default. After a hearing,[1] the sub-panel and the full panel recommended that respondent be disbarred and be required to pay various costs.

The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court. *In re McFarland,* 360 S.C. 101, 600 S.E.2d 537 (2004); *In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001). Under the Rules for Lawyer Disciplinary Enforcement (RLDE), respondent is

---

1. Respondent did not appear at the hearing or at the oral argument before this Court.

in default and therefore is deemed to have admitted all factual allegations of the formal charges. *See* Rule 24 RLDE, Rule 413, SCACR. The charges of misconduct against respondent likewise are deemed admitted, and therefore, the Court must only determine the appropriate sanction. *E.g., Matter of Thornton,* 327 S.C. 193, 489 S.E.2d 198 (1997).

In *In re Murph,* 350 S.C. 1, 4, 564 S.E.2d 673, 675 (2002), the Court stated the following:

> An attorney usually does not abandon a license to practice law without a fight. Those who do must understand that "neglecting to participate [in a disciplinary proceeding] is entitled to substantial weight in determining the sanction." ... An attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law. Such an attorney is likely to face the most severe sanctions because a central purpose of the disciplinary process is to protect the public from unscrupulous or indifferent lawyers.

(Citation omitted).

■ We find respondent, *inter alia,* failed to adequately communicate with his clients, failed to act with diligence and competence; misused and mismanaged trust account funds; and failed to respond to Disciplinary Counsel inquiries and notices of full investigation regarding these matters.

Based on the admitted facts, respondent violated the following Rules of Professional Conduct (RPC), found in Rule 407, SCACR:

· Rule 1.1—Competence

· Rule 1.2—Scope of Representation

· Rule 1.3—Diligence

· Rule 1.4—Communication

· Rule 1.5—Fees

· Rule 1.8—Conflict of Interest; Prohibited Transactions

· Rule 1.15—Safekeeping of Property

· Rule 1.16—Declining or Terminating Representation

· Rule 4.4—Respect for Rights of Third Persons

· Rule 8.1—Bar Admissions and Disciplinary Matters

· Rule 8.4(d) & (e)—Dishonesty or Misrepresentation, and Conduct Prejudicial to the Administration of Justice

We further find the following violations of the RLDE, Rule 413, SCACR:

· Rule 7(a)(1) (violating the Rules of Professional Conduct)

· Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law)

· Rule 7(a)(6) (violating the oath of office taken upon admission to the practice of law).

Accordingly, respondent has engaged in misconduct which warrants the severe sanction of disbarment. *See, e.g., In re Murph*, 350 S.C. at 5, 564 S.E.2d at 675–76 (attorney disbarred for, *inter alia,* failing to: represent a client competently; act with reasonable diligence and promptness; keep a client reasonably informed; deliver promptly to a client or third person funds that the client or person was entitled to receive; and respond to a lawful demand for information from a disciplinary authority); *In the Matter of Edwards*, 323 S.C. 3, 448 S.E.2d 547 (1994) (attorney disbarred for, *inter alia,* failing to represent his clients diligently and competently; failing to keep clients informed, misappropriating or improperly using client funds, knowingly presenting false testimony, and failing to cooperate in investigation of disciplinary charges against him).[2]

In addition to disbarment, we also order respondent to pay both restitution of $410.00 to chiropractor Princess Porter and the costs of these disciplinary proceedings.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has compiled with Rule 30 of Rule 413, SCACR, and shall also

---

**2.** We also note respondent's extensive disciplinary history, *see, e.g., In the Matter of Tullis*, 330 S.C. 502, 499 S.E.2d 811 (1998) (public reprimand); *In re Tullis*, 348 S.C. 235, 559 S.E.2d 833 (2002) (definite suspension), as well as the fact that he was suspended in 2005 for failure to comply with CLE requirements and failure to pay Bar dues.

surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

OAL, C.J., MOORE, WALLER, PLEICONES, JJ., and Acting Justice PERRY M. BUCKNER, concur.