678 S.E.2d 440

**In the Matter of Marvin Lee ROBERTSON, Jr., Respondent.**

**No. 26670.**

Supreme Court of South Carolina.

Submitted May 19, 2009.

Decided June 15, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

M. Baron Stanton, of Stanton Law Offices, PA, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment pursuant to Rule 7(b), RLDE, Rule 413, SCACR. In addition, respondent agrees to pay full restitution to clients, banks, and other persons and entities who have incurred losses as a result of his misconduct and to reimburse the Commission on Lawyer Conduct (the Commission) and ODC for costs incurred in this matter. We accept the agreement and disbar respondent from the practice of law in this state. Further, respondent shall pay full restitution to clients, banks, and other persons and entities who have incurred losses as a result of his misconduct and reimburse the Commission and ODC for costs incurred in this matter. The facts, as set forth in the agreement, are as follows.

## FACTS

### *Matter I*

Respondent admits he failed to close this case and disburse the client's share of the funds for a period of approximately eighteen (18) months after receiving the settlement proceeds. He further admits he did not safeguard the client's funds and that the funds were not available on deposit in his trust account for at least the last twelve (12) months prior to disbursement.

### *Matter II*

Respondent admits he closed the real estate transaction in this matter but did not make the first mortgage payoff of $350,366.10 as shown on the closing statement. Instead, for some months after the closing, respondent made monthly mortgage payments on the unsatisfied mortgage from various accounts under his control. Further, respondent admits that no title insurance policy was issued after the closing despite fees of $791.70 being shown on the closing statement as withheld for the policy. Respondent admits he cannot account for the funds shown on the closing statement as received and reserved for the first mortgage payoff and title insurance policy and that the funds were not available on deposit in his trust account at the time of his interim suspension on February 22, 2008. Respondent acknowledges he was the closing attorney for the first mortgage in a separate much earlier transaction and failed to record that mortgage.

### *Matter III*

In March 2007, respondent received a $42,000 settlement check. Respondent admits he negotiated the settlement check but did not disburse the client's share of the funds. Respondent admits he failed to safeguard the funds and the funds were not available on deposit in his trust account at the time of his February 22, 2008 interim suspension.

### *Matter IV*

Respondent admits he undertook to represent a client in a domestic matter seeking to negotiate a child support reduction

and the modification of an agreement. On January 29, 2008, he was paid a flat fee of $2,500 for the representation. As a result of his interim suspension, respondent did not serve the opposing party.

## Matter V

Respondent admits he undertook to represent a client in an expungement and was paid $500. He did not complete the work on the matter.

## Matter VI

Respondent admits he received a $6,000 settlement check. He negotiated the settlement check but did not disburse the client's share of the funds to the client. Respondent admits he failed to safeguard the funds and that the funds were not available on deposit in his trust account at the time of his February 22, 2008 interim suspension.

## Matter VII

Respondent admits he received a $10,000 settlement check. He negotiated the settlement check but did not disburse the client's share of the funds to the client. Respondent admits he failed to safeguard the funds and that the funds were not available on deposit in his trust account at the time of his February 22, 2008 interim suspension.

## Matter VIII

Respondent admits he received a $6,000 settlement check in October 2007. He admits he negotiated the settlement check without his client's signature. Respondent did not disburse the client's share of the funds until after his interim suspension on February 22, 2008. Respondent agrees he initially failed to safeguard the funds and that he neglected to promptly remit the client's share of the funds.

## Matter IX

In June 2005, respondent admits he received a $75,000 settlement check. He admits he negotiated the check but did not disburse the client's share of the funds to the client.

Respondent admits he failed to safeguard the funds and that the funds were not available on deposit in his trust account at the time of his February 22, 2008 interim suspension.

## Matter X

In March 2007, respondent received a settlement check in the amount of $1,419. Respondent negotiated the check but did not disburse the client's share of the funds to his client or disburse the funds to the medical providers. Respondent admits he failed to safeguard the funds and that the funds were not available on deposit in his trust account at the time of his February 22, 2008 interim suspension.

## Matter XI

In March 2004, respondent received two personal injury protection (PIP) checks totaling $1,000 from a client. Respondent admits he negotiated the checks but did not disburse the client's share of the funds to his client or disburse funds to the medical providers. Respondent admits he failed to safeguard the funds and that the funds were not available on deposit in his trust account at the time of his February 22, 2008 interim suspension.

## Matter XII

In 2004, respondent undertook to represent a client in a personal injury case. He admits he failed to act with reasonable diligence on the matter and failed to obtain a written settlement agreement from opposing counsel. Further, respondent admits that, in May 2007, he mistakenly told the court that the case was settled. Ultimately, the case was dismissed by the court.

## Matter XIII

Respondent admits that, in October 2006, he obtained two medical payment checks in the amount of $3,000 from a client. Respondent admits he negotiated the checks but did not disburse the funds to the client or medical providers. Respondent admits he failed to safeguard the funds and that the funds were not available on deposit in his trust account at the time of his February 22, 2008 interim suspension.

### LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall hold property of clients in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits he violated Rule 417, SCACR.

Further, respondent admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent. Further, we order respondent to pay full restitution to all clients, banks, and other persons and entities, including the Lawyers' Fund for Client Protection, who have incurred losses as a result of his misconduct and to reimburse the Commission and ODC for costs incurred in this matter. Within thirty (30) days of the date of this opinion, ODC and respondent shall enter into a restitution plan which complies with this opinion and includes a timeline for reimbursement of the Commission's and ODC's costs. Under no circumstances shall respondent be permitted to file a Petition for Reinstatement until full restitution and payment of costs have been made.

146

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.