685 S.E.2d 610

**In the Matter of Oliver W. JOHNSON, III, Respondent.**

**No. 26742.**

Supreme Court of South Carolina.

Heard Sept. 17, 2009.

Decided Nov. 9, 2009.

Rehearing Denied Dec. 1, 2009.

Attorney General Henry Dargan McMaster, and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for Office of Disciplinary Counsel.

Oliver W. Johnson, III, of Columbia, pro se.

PER CURIAM.

This disciplinary matter arises out of numerous charges filed against Respondent Oliver W. Johnson, III. Following a hearing, the Commission on Lawyer Conduct Panel (Panel) recommended that Respondent be disbarred. We agree and disbar Respondent effective the date of this opinion.

## I.

On September 21, 2000, the Office of Disciplinary Counsel (ODC) filed formal charges alleging Respondent failed to properly maintain his trust account, misappropriated a portion of a $700,000 settlement fund, incurred numerous tax liens and orders related to his child support arrearages, failed to represent clients diligently and communicate with them, failed to pay a court reporter, an expert witness, and a final fee dispute award, and failed to cooperate with ODC's investigation. Subsequently, ODC filed supplemental charges relating to a matter in which estate settlement funds were transferred to Respondent to be used for litigation purposes, but he failed to properly deliver the funds. Respondent filed a response to

the initial formal charges, but failed to respond to the supplemental charges.

On August 24, 2005, ODC filed second supplemental formal charges against Respondent. ODC made further allegations regarding the $700,000 settlement fund referenced above,[1] and additionally, alleged Respondent failed to properly disburse funds from a conservatorship account, failed to pay an expert witness, and pled guilty to assault and battery and willful tax avoidance. Respondent failed to respond to these charges.

## II.

In November 2006, the Court placed Respondent on incapacity inactive status pursuant to Rule 28(b), RLDE, Rule 413, SCACR, after he submitted a letter from his doctor stating he was treating Respondent for bipolar disorder and attention deficit hyperactivity disorder and he felt Respondent was incapable of testifying in a deposition. Respondent requested two specific attorneys to be appointed as counsel and as guardian ad litem, but both attorneys declined.

On June 1, 2007, a hearing was held before the Panel on the issue of Respondent's incapacity. Respondent appeared by telephone, but after he was informed the proceeding would continue without the appointment of counsel, he terminated the call. The Panel found that Respondent waived his right to present additional medical evidence regarding his incapacity and that the letter from his doctor simply stating Respondent could not testify was insufficient to show he was unable to assist in his own defense. Therefore, the Panel ordered ODC to schedule a final hearing on the merits.

Despite receiving notice of the merits hearing, Respondent failed to appear. ODC presented testimony from four witnesses[2] as well as substantial evidence showing Respondent

---

**1.** Specifically, ODC alleged that the client's signature on the settlement statement was forged and Respondent either knew or should have known of the forgery.

**2.** The four witnesses included: the lawyer who worked with Respondent in the estate settlement matter; the court reporter Respondent failed to pay; the solicitor who prosecuted Respondent's client and witnessed Respondent's neglect of his client; and the client involved in the $700,000 settlement fund.

failed to properly maintain his trust, escrow, and operating accounts. The Panel recommended that Respondent be disbarred.

Respondent is currently incarcerated as a result of federal mortgage fraud charges, which are unrelated to this disciplinary matter. After receiving notice that oral arguments before this Court were scheduled, Respondent sought a continuance due to his mental and physical incapacity and requested that the Court appoint counsel. We denied this request. This matter has been pending since 2000. ODC has afforded Respondent more than sufficient time to seek counsel as well as numerous opportunities to submit any medical records showing he is unable to assist in his own defense. Respondent has repeatedly failed to show any good-faith or genuine effort in asserting his rights or cooperating with ODC. Accordingly, this matter need not be further delayed.

### III.

This Court has the sole authority to discipline attorneys and to decide the appropriate sanction after a thorough review of the record. *In re Thompson*, 343 S.C. 1, 10–11, 539 S.E.2d 396, 401 (2000). We "may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the [Panel]." Rule 27(e)(2), RLDE, Rule 413, SCACR.

Respondent has engaged in a pattern of egregious financial misconduct by misappropriating client funds and failing to properly maintain his accounts. This Court "has never regarded financial misconduct lightly, particularly when such misconduct concerns expenditure of client funds or other improper use of trust funds." *Matter of McMillan*, 327 S.C. 98, 104, 490 S.E.2d 1, 3–4 (1997). In addition to numerous incidents of financial misconduct, Respondent has neglected client matters, pled guilty to tax evasion and assault and battery, failed to pay a court reporter and expert witness, and failed to cooperate with ODC. Respondent's disciplinary history includes a private reprimand in 1995 and a public reprimand in 1998. *Matter of Johnson*, 329 S.C. 363, 495 S.E.2d 777 (1998) (imposing a public reprimand where Respondent neglected legal matters in two cases and was in arrears on

child support obligations). In August 1999, this Court placed Respondent on interim suspension due to his failure to properly maintain his trust and escrow accounts.

By his conduct, we find Respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: 1.1 (lawyer shall provide competent representation); 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); 1.4 (lawyer shall consult and inform client of matters); 1.5 (lawyer shall not charge an unreasonable fee); 1.15 (lawyer shall hold property of client or of third person separately from his own property); 8.4(a),(b),(d),(e) (lawyer shall not: violate the Rules of Professional Conduct; commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer; engage in conduct involving dishonesty, fraud, deceit or misrepresentation; or engage in conduct that is prejudicial to the administration of justice).

We agree with the Panel's recommendation that Respondent be disbarred from the practice of law. This Court has imposed disbarment in similar disciplinary matters. *See In re Robertson,* 383 S.C. 140, 678 S.E.2d 440 (2009) (finding disbarment warranted where attorney failed to disburse settlement funds in several cases and neglected his clients' cases); *In re Tullis,* 375 S.C. 190, 652 S.E.2d 395 (2007) (disbarring attorney where attorney failed to adequately communicate with his clients, failed to act with diligence and competence, misused and mismanaged trust account funds, and failed to respond to ODC's inquiries); and *In re Trexler,* 343 S.C. 608, 541 S.E.2d 822 (2001) (disbarring attorney for financial misconduct, neglecting client matters, and convictions of breach of trust, blackmail, and conspiracy).

Respondent has exhibited a pattern of severe, grave, and intentional misconduct without regard for his clients' interests. Accordingly, we disbar Respondent effective the date of this opinion. We further order Respondent to make full restitution to all injured parties who have incurred losses as a result of his misconduct and order him to pay the costs of these proceedings. Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE,

Rule 413, SCACR, and shall surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.