ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM
 
 *
 

 | [Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Oliver W. Johnson, III, an attorney licensed to practice law in the States of Louisiana and South Carolina, based upon discipline imposed by the Supreme Court of South Carolina.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 On November 9, 2009, the Supreme Court of South Carolina issued an order
 
 *503
 
 disbarring respondent from the practice of law based on evidence of his misconduct, including: the misappropriation of a portion of a $700,000 settlement fund; failure to properly disperse funds from a conser-vatorship account; failure to properly deliver estate settlement funds that were to be used for litigation purposes; failure to represent clients diligently and communicate with them, failure to pay a court reporter, an expert witness, and a final fee dispute award; failure to cooperate with the disciplinary agency’s investigation; the incurrence of numerous tax liens and orders related to his child support arrearag-es; and pleading guilty to tax evasion, and to assault and battery.
 
 In re Johnson,
 
 385 S.C. 501, 685 S.E.2d 610 (2009).
 

 1 {.After receiving the South Carolina disbarment judgment, the ODC filed a petition to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the petition was a certified copy of the order of the Supreme Court of South Carolina. On December 22, 2009, we rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted, and the reasons for that claim. Respondent failed to file any response in this court.
 

 DISCUSSION
 

 The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
 

 Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
 

 (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 

 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
 

 (3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or |⅞(4) The misconduct established warrants substantially different discipline in this state; or
 

 (5) The reason for the original transfer to disability inactive status no longer exists.
 

 In the instant ease, respondent has made no showing of infirmities in the South Carolina proceeding, nor do we discern any from our review of the record. Furthermore, we find no extraordinary circumstances which warrant deviation from the sanction imposed by the Supreme Court of South Carolina. We have held that “only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.”
 
 In re: Aulston,
 
 05-1546 (La.1/13/06), 918 So.2d 461. Considering that we share authority over respondent with South Carolina, we will defer to that state’s determination of discipline.
 
 See, e.g., In re Zdravkovich,
 
 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share su
 
 *504
 
 pervisory authority”). Accordingly, we will impose reciprocal discipline of disbarment pursuant to Supreme Court Rule XIX, § 21.
 

 DECREE
 

 Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Oliver W. Johnson, III, Louisiana Bar Roll number 18624, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked.
 

 *
 

 Chief Justice Kimball not participating in the opinion.