# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Marvin Lee Robertson, Jr., Respondent.

Appellate Case No. 2015-000050

---

Opinion No. 27505
Submitted March 3, 2015 – Filed March 11, 2015

---

## DISBARRED

---

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina
C. Todd, Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

M. Baron Stanton, Esquire, of Stanton Law Offices, P.A.,
of Columbia, for Respondent.

---

**PER CURIAM:**   On June 15, 2009, this Court disbarred respondent from the
practice of law.  In the Matter of Robertson, 383 S.C. 140, 678 S.E.2d 440 (2009).
He has not sought to be readmitted.

In the current attorney disciplinary matter, respondent and the Office of
Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of discipline.  We accept the Agreement and disbar respondent with
conditions as set forth hereafter.  The disbarment shall run concurrently with
respondent's June 15, 2009, disbarment.  The facts, as set forth in the Agreement,
are as follows.

## Facts

In 2007, Jane Doe borrowed money against a house that was not her residence. Respondent had represented Ms. Doe on various business matters in the past and referred her to another attorney in the same office building to close the loan. The other attorney served as the settlement agent and handled virtually all aspects of the transaction before and after the closing. On the settlement date, however, respondent conducted the closing on behalf of the settlement agent. Ms. Doe then lent respondent $99,999.70 of the proceeds she received from the closing.

Respondent submits he fully intended to repay Ms. Doe and did not expect to be suspended from the practice of law. Respondent admits the loan constituted a business transaction with a client and he did not comply with the safeguards outlined in Rule 1.8(a) of the Rules of Professional Conduct, Rule 407, SCACR. Specifically, the transaction and its terms were not communicated to Ms. Doe in writing, she was not advised of the desirability of consulting independent legal counsel, and she never signed any document agreeing to the terms of the loan.

Respondent made some payments on the loan but ceased making payments in early 2008, around or after the time he was placed on interim suspension by consent. In the Matter of Robertson, Order (S.C. Sup. Ct. filed February 22, 2008) (Shearouse Adv. Sh. No. 8 at 14). The Court accepted respondent and ODC's Agreement for Discipline by Consent and disbarred respondent on June 15, 2009. In the Matter of Robertson, supra. Ms. Doe filed her complaint in March of 2010. Respondent owes Ms. Doe a principal balance of $93,999.70.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.8 (lawyer shall not enter into a business transaction with a client or knowingly acquire ownership, possessory, security or other pecuniary interest adverse to client unless: (1) transaction and terms on which the lawyer acquires interest are fair and reasonable to client and fully disclosed and transmitted in writing in manner that can be reasonably understood by client; (2) client is advised in writing of desirability of seeking and given reasonable opportunity to seek advice of independent legal

counsel on transaction; and (3) client gives informed consent, in writing signed by client, to essential terms of transaction and lawyer's role in the transaction, including whether the lawyer is representing client in transaction).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We accept the Agreement and disbar respondent concurrently with his June 15, 2009, disbarment. Further, we order respondent to fully repay Ms. Doe. To ensure repayment, respondent shall enter into a restitution plan with the Commission on Lawyer Conduct (the Commission) no later than thirty (30) days from the date of this opinion. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion. Finally, respondent shall complete the Legal Ethics and Practice Program Ethics School prior to filing a Petition for Reinstatement. Under no circumstances shall respondent be permitted to file a Petition for Reinstatement until full restitution and payment of costs have been made to Ms. Doe and as ordered in the 2009 opinion disbarring respondent from the practice of law. Accordingly, we accept the Agreement and disbar respondent for his misconduct.

**DISBARRED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**