**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mare Baracco, Appellant,

v.

Beaufort County, South Carolina, Respondent.

Appellate Case No. 2014-000636

Appeal From Beaufort County
Marvin H. Dukes, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-487
Submitted November 1, 2016 – Filed November 23, 2016

**DISMISSED IN PART, AFFIRMED IN PART**

Mare Baracco, of Port Royal, pro se.

Mary Bass Lohr, of Howell, Gibson & Hughes, P.A., of Beaufort, for Respondent.

**PER CURIAM:** Mare Baracco appeals the circuit court's order of October 16, 2013, and the subsequent order denying her Rule 60(b), SCRCP motion for relief from judgment. On appeal, Baracco argues (1) Beaufort County (the County) lacked jurisdiction to issue a citation against her for an ordinance violation; (2) the magistrate's and circuit courts did not have jurisdiction over the matter; (3) the County engaged in improper ex parte communication with the magistrate and the

town of Port Royal administration; (4) the magistrate violated her due process rights and right to an administrative hearing; (5) the magistrate erred in failing to dismiss her claims because the claims were not civil in nature; (6) issuance of the citation violated her due process rights; and (7) the County's actions constituted fraud, a "sham legal process," barratry, and pollution of the administration of justice. We dismiss in part and affirm in part pursuant to Rule 220(b), SCACR.

Initially, we dismiss Baracco's appeal from the October 16, 2013 order because Baracco failed to timely serve the notice of appeal pursuant to Rule 203 of the South Carolina Appellate Court Rules. *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty . . . days after receipt of written notice of entry of the order or judgment."). Although Baracco first appealed from the October 16, 2013 order on November 12, 2013, that appeal was dismissed. Baracco served her second appeal from the order on March 25, 2014, along with her appeal from the order denying her Rule 60(b) motion. Because a Rule 60 motion does not toll the time for serving a notice of appeal, Baracco's second appeal from the October 16, 2013 order was untimely served. *See Coward Hund Constr. Co. v. Ball Corp.*, 336 S.C. 1, 5, 518 S.E.2d 56, 59 (Ct. App. 1999) (noting that a Rule 60 motion "d[oes] not toll the time for the filing and service of [a] notice of appeal"); *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985) (explaining service of the notice of appeal is a jurisdictional requirement and the appellate courts have no authority to extend the time in which parties must serve the notice of intent to appeal).

As to Baracco's appeal from the order denying her Rule 60(b) motion, we find the circuit court did not abuse its discretion. *See Tri-Cty. Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990) (noting that a Rule 60(b) motion is addressed to the sound discretion of the trial court and this court will not disturb the trial court's decision absent an abuse of discretion). First, Baracco failed to show fraud or misconduct by the County. *See* Rule 60(b) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . fraud, misrepresentation, or other misconduct of an adverse party . . . ."); *McClurg v. Deaton*, 380 S.C. 563, 575, 671 S.E.2d 87, 94 (Ct. App. 2008), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011) ("A party making a motion under Rule 60(b) has the burden of presenting evidence proving the facts essential to entitle him to relief."). Second, any other issues Baracco alleges arising out of the order denying her motion are meritless because those issues were not properly suited for a Rule 60(b) motion. *See* Rule 60(b) (allowing a court to relieve a party from a final judgment only for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence; (3) fraud, misrepresentation, or other misconduct by an adverse party; (4) a void judgment; or (5) satisfaction, release, or discharge, or vacation of the judgment or when the judgment is no longer equitable).[1]

**DISMISSED IN PART, AFFIRMED IN PART.**[2]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] To the extent Baracco argues the County's counsel violated the rules of professional conduct, this court lacks the authority to rule on that issue. *See In re Tullis*, 375 S.C. 190, 191, 652 S.E.2d 395, 395 (2007) ("The authority to discipline attorneys and the manner in which the discipline is given rests *entirely* with th[e South Carolina Supreme] Court." (emphasis added)).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.