804 S.E.2d 850

**In the MATTER OF Michael Mark MCADAMS, Respondent.**

Appellate Case No. 2017-000732
Opinion No. 27737

Supreme Court of South Carolina.

Heard June 15, 2017
Filed September 14, 2017

---

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Michael Mark McAdams, of Myrtle Beach, pro se.

PER CURIAM:

Between September 2006 and July 2009, Respondent Michael Mark McAdams participated in a fraudulent investment scheme along with co-defendants Robert Dane Freeman and Charles Lowell Walker. The Office of Disciplinary Counsel (ODC) brought formal disciplinary charges against McAdams after he pled guilty to one count of wire fraud conspiracy as a result of his participation in the scheme. Because McAdams failed to file any response to the formal charges, all the

allegations contained therein are deemed admitted. Rule 24(a), RLDE, Rule 413, SCACR. The sole matter before the Court is determining the appropriate sanction. We accept the recommendation from the Commission on Lawyer Conduct (the Commission) and order McAdams be disbarred and assessed the costs of the proceedings in this matter.[1]

## FACTUAL BACKGROUND

While a partner in a Myrtle Beach law firm, McAdams joined with Freeman and Walker to create an entity known as Global Holdings Group, LLC (GHG). McAdams and his co-defendants purported to engage in international financial investments and solicited funds from wealthy individuals for high-yield, unregulated transnational investment opportunities. McAdams used his status and position of confidence as an attorney to identify and target wealthy individuals for solicitation of investment opportunities, while also bolstering the credibility of GHG. During the course of the enterprise, McAdams became aware that the investments were fraudulent and that the solicited funds were not being used as promised, but he continued to use his position as an attorney to solicit funds for GHG. Rather than engaging in any investment transactions, McAdams and his co-defendants used the solicited funds to pay for personal expenses and to make lulling payments to previous investors in an effort to perpetuate the fraud.

Eventually, a federal investigation ensued, and in 2014 McAdams was charged with three counts of wire fraud, one count of wire fraud conspiracy, and one count of international money laundering. McAdams subsequently pled guilty to the one count of wire fraud conspiracy in exchange for dismissal of the remaining charges. As conditions of the plea deal, McAdams agreed, *inter alia*, to further cooperate with the Federal Government in the prosecution of his co-defendants, and to pay restitution totaling $3,327,494.11.

Following the criminal investigation and subsequent plea agreement, ODC filed formal disciplinary charges against McAdams in September 2016, and the Commission's disciplin-

---

1. McAdams failed to appear at the proceeding before this Court despite having been ordered to do so.

ary panel (the Panel) held a hearing the following February. Based on McAdams' role in the investment scheme and his failure to participate in the disciplinary proceedings, the Panel found him in violation of the Rules of Professional Conduct (RPC) contained in Rule 407, SCACR. The nature of the violations are three-fold. First, after being notified that ODC was conducting an investigation into allegations of misconduct in 2009, McAdams failed to submit any written response, failed to comply with a subpoena for documents, and failed to appear to respond to questions under oath as directed. Based on this failure to cooperate, McAdams was placed on interim suspension by this Court in April 2010. After learning of McAdams' guilty plea, ODC began conducting a new investigation in July 2016, but McAdams again failed to submit any written response. The Panel found this failure to cooperate was in violation of Rule 8.1(b), RPC, Rule 407, SCACR. Second, the Panel found the conduct giving rise to McAdams' indictment and guilty plea was in violation of Rules 8.4(b), (d) & (e), RPC, Rule 407, SCACR. Lastly, after this Court issued an order for McAdams to reimburse the Lawyers' Fund for Client Protection for the services rendered by an attorney appointed to protect McAdams' former clients, the Panel found he has failed to make any payments, in violation of Rule 8.4(e), RPC, Rule 407, SCACR.

As a result of the aforementioned findings of misconduct, the Panel determined McAdams is subject to discipline for violating the following Rules for Lawyer Disciplinary Enforcement: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (willfully violating an order of the Supreme Court and willfully failing to appear, respond, or comply as directed by disciplinary authorities); Rule 7(a)(4) (conviction of a crime of moral turpitude); and Rule 7(a)(5) (engaging in conduct tending to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law). Rule 413, SCACR.

## DISCUSSION

Because McAdams has been found in default, the factual allegations against him are deemed admitted and the sole question remaining for the Court to determine is whether to impose the Panel's recommended sanction. *See In re Jacobsen*, 386 S.C. 598, 606, 690 S.E.2d 560, 564 (2010). Although we

are not bound by the findings of the Panel, its recommendation is entitled to great weight. *Id.*

In this case, we accept the Panel's findings and recommendations *in toto*. While McAdams presented no mitigating evidence, we agree with the Panel's consideration of aggravating factors, namely McAdams' lack of cooperation in the disciplinary investigation, failure to answer the formal charges, and failure to appear at the disciplinary hearing. *See In re Tullis*, 375 S.C. 190, 192, 652 S.E.2d 395, 395–96 (2007) (explaining the Court gives substantial weight to an attorney's failure to answer charges or appear at a disciplinary hearing, usually resulting in the most severe sanctions).

Given the nature and magnitude of McAdams' misconduct, his lack of participation in the disciplinary process, and absence of any mitigating factors, we find disbarment to be the appropriate sanction, not retroactive to the date of interim suspension. Further, we order that he pay the costs of the investigation and prosecution of this matter totaling $683.10 and reimburse the Lawyers' Fund for Client Protection in the amount of $221.66, both within 30 days of the date of this order.

Within fifteen (15) days of the date of this opinion, McAdams shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.