20288

In the Matter of Kenneth C. BURR, Respondent.
(228 S. E. (2d) 678)

*Messrs. Daniel R. McLeod, Atty. Gen., A. Camden Lewis and John L. Choate, Asst. Attys. Gen., of Columbia, for Complainant.*

*John C. Thompson, Esq., of Conway, for Respondent.*

September 30, 1976.

*Per Curiam:*

After hearings pursuant to our Rule on Disciplinary Procedure, the Board of Commissioners on Grievances and Discipline found the respondent guilty of professional misconduct growing out of representation of two clients in which it was found that respondent co-mingled client's funds with personal funds, failed to represent a client on a crimi-

nal matter and failed to return unearned fees, misappropriated a client's funds, failed to remit a client's funds promptly, and issued a worthless check to client in remittance of client's funds.

The matter was argued before us in June, 1976, on the Board's report and the respondent's return to our order requiring him to show cause why the report of the Board should not be confirmed and respondent disbarred in accordance with the Board's recommendation.

The complaint charged respondent with acts of misconduct which tend to pollute the administration of justice or to bring the courts, or the legal profession into disrepute in violation of the Code of Professional Responsibility. Specifically, it alleged that respondent received Five Hundred ($500.00) Dollars to represent Zeke Herriott for second offense driving under the influence, failed to appear when the case was called, and retained the unearned fee.

It further alleged that respondent was employed by Lawrence Casson to handle liquidation of a furniture store. In connection with the liquidation respondent received One Thousand Three Hundred and Twenty ($1,320.00) Dollars in satisfaction of a note and conditional sales contract by U. S. Shelter Corporation in August of 1974. He failed to notify Mr. Casson of receipt of the funds. When Mr. Casson discovered the payment he demanded the money from respondent who paid Mr. Casson with a check which was twice returned for insufficient funds. Mr. Casson did not receive payment until August, 1975, when respondent tendered a cashier's check.

The complaint further alleged that Mr. Casson requested an accounting of the liquidation of the furniture business and an accounting for the collection of all notes and conditional sales contracts and respondent never furnished an accounting.

Respondent's defense of the charge concerning Mr. Herriott is that he was called out of town unexpectedly the night before Mr. Herriott's trial and had his secretary notify the Solicitor who apparently called the case notwithstanding. In his verified answer, respondent alleged he offered to return the unearned fee but Mr. Herriott refused to accept.

Respondent's defense in connection with the charges concerning Mr. Casson is that he placed the payment received from U. S. Shelter Corporation in cash in his safe on Mr. Casson's instructions, that Mr. Casson lived in California, South Carolina and Canada and was hard to contact, and that he was attempting to settle his fee when Mr. Casson returned to Myrtle Beach.

The conclusion and recommendation that respondent be permanently disbarred is fully warranted. Although respondent alleged in his verified answer that he had tendered the Five Hundred ($500.00) Dollars to Mr. Herriott, his testimony before the Board was to the effect he felt that some Four Hundred Fifty ($450.00) Dollars to Four Hundred Seventy-Five ($475.00) Dollars refund was due Mr. Herriott but that he did not mail this because he did not consider a full refund due. When questioned why no refund had been made as of the date of the hearing, respondent replied he wanted to talk to Mr. Herriott. It is clear that respondent did undertake to represent Mr. Herriott in a criminal matter and received an attorney's fee of Five Hundred ($500.00) Dollars as retainer. Respondent, with or without excuse, failed to represent his client and likewise failed to refund the unearned attorney's fee. Respondent's own testimony reveals that the retainer funds were never held separately but co-mingled with respondent's personal funds.

The record reflects that the check given by U. S. Shelter Corporation dated August 2, 1974, was made payable to Kenneth C. Burr. It was endorsed in blank by respondent

and was not deposited in a trust or escrow account. Although Mr. Casson's testimony is in direct conflict with respondent in that Mr. Casson testified he never authorized the holding of such funds in cash nor was he notified of the payment, the evidence clearly supports the position of Mr. Casson. There is no dispute that the settlement check from respondent to Mr. Casson was twice returned for insufficient funds. The record shows that Mr. Casson finally received his money over a year after the date of the original payment.

The conduct of the respondent in connection with the Herriott and Casson matters is in violation of Canon 2 and Canon 9 of The Code of Professional Responsibility and the Rule on Disciplinary Procedure in that it represents conduct tending to pollute or obstruct the administration of justice or to bring the courts or the legal profession into disrepute.

Specifically, respondent violated Disciplinary Rule 2-110 for withdrawing from employment without permission of the tribunal before which he was to appear and in not promptly refunding unearned fees paid in advance. Further, he failed to preserve the identity of his clients' funds by depositing them in an escrow or trust account, to promptly notify his client of the receipt of funds, to render an appropriate accounting, and to promptly pay over funds to the client entitled—all in violation of Disciplinary Rule 9-102.

The Board unanimously adopted the report of the hearing panel and recommended disbarment. The findings and recommendations of the Board are abundantly supported by the record. On July 22, 1975, respondent was publicly reprimanded by the Court for failing to satisfy a mortgage until ten months after he received the money from his client, for giving a check in settlement of a case without having sufficient funds in the bank, and for charging a fee for services which were not required. *In re Burr,* 265 S. C. 84, 217 S. E. (2d) 143 (1975).

Respondent's argument that he should be allowed to resign with the right to re-apply or be suspended so as to reserve his right to apply for readmission to the Bar because of his age and abilities is unconvicing. The damage to the public, courts and bar by an attorney's neglect of duty and professional misconduct is the same regardless of age or ability.

The primary purpose of disbarment or suspension is the removal of an unfit person from the profession for the protection of the courts and the public, not punishment of the offending attorney. *In re Kennedy,* 254 S. C. 463, 176 S. E. (2d) 125 (1970). It is the opinion of this Court that the recommendation of the Board be honored and respondent disbarred.

It is, therefore, ordered that the respondent, Kenneth C. Burr, be, and he is hereby, disbarred from the practice of law in this State, and he shall within five days surrender to the Clerk of the Supreme Court the certificate heretofore issued by the Court admitting him to practice.