640 S.E.2d 461

**In the Matter of Kevin M. CUNNINGHAM, Respondent.**

No. 26246.

Supreme Court of South Carolina.

Submitted Nov. 14, 2006.

Decided Jan. 8, 2007.

Rehearing Denied Jan. 23, 2007.

504

Henry B. Richardson, Jr., Disciplinary Counsel and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Lourie A. Salley, III, of Lexington, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a sanction of an indefinite suspension or disbarment. We accept the Agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the Agreement, are as follows.

### *Facts*

Respondent represented the personal representative of two estates. Respondent used approximately $70,000 received and collected for the beneficiaries of the estates to pay his personal household, medical and business expenses. Respondent hoped to use future income to repay the misappropriated funds.

Respondent also failed to comply with Rule 417, SCACR, by not maintaining separate trust and operating accounts and not

reconciling his accounts. As a result, respondent failed to hold funds of clients and third persons separate from his own.

Finally, respondent failed to diligently handle the estates and failed to adequately communicate with his client regarding the estates. He also provided false information to his client regarding the estates in an attempt to conceal his misappropriation of estate funds.

Respondent self reported his misconduct to ODC and the solicitor and has been fully cooperative with ODC during the course of its investigation. Respondent also consented to being placed on interim suspension.[1]

In addition, respondent represents, by way of mitigation, but not as a defense, that he was diagnosed in December 2002 with germ cell cancer, his second bout with cancer, at the same time his wife gave birth to their second child. Respondent underwent aggressive chemotherapy. The cost of the medical bills associated with the birth of the child and respondent's treatment, along with the fact that respondent was unable to work full time during his treatment, financially devastated his family.

## *Law*

■ Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall hold property of clients in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (it is professional misconduct for lawyer to engage in

---

1. *In the Matter of Cunningham*, 368 S.C. 178, 628 S.E.2d 887 (2006).

conduct involving moral turpitude); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent further admits his misconduct is grounds for discipline under the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for lawyer to violate the Rules of Professional Conduct); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice, bring the courts or legal profession into disrepute, or demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office). In addition, respondent admits his misconduct violated Rule 417, SCACR.

### Conclusion

██ We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**Disbarred.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.