659 S.E.2d 100

## In the Matter of James M. WILLIAMS, III, Respondent.

### No. 26441.

Supreme Court of South Carolina.

Submitted Jan. 29, 2008.

Refiled March 10, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Assistant Deputy Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Larry C. Brandt, of Larry C. Brandt, PA, of Walhalla, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent[1] and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent from the practice of law in this state.[2] The facts, as set forth in the agreement, are as follows.

## FACTS

Since the late 1980s, respondent represented Client and his wife on a variety of legal matters. Presently, Client is an elderly man residing in a retirement community. Client's wife resided in the same facility until her death in November 2002.

Respondent drafted durable powers of attorney for Client and his wife. In each of the documents, respondent was named attorney-in-fact. The durable powers of attorney

---

1. Respondent was admitted to practice law in this State in 1978. While he practiced law in Clemson, South Carolina, for most of his career, respondent was practicing law at 125 Bram Cat Alley in Seneca when he was placed on incapacity inactive status on August 8, 2007.

   We are aware that there is another attorney with a very similar name who has practiced law in Seneca for his entire career, James L. Williams. This attorney practices law at 107 North Fairplay in Seneca, and he has no involvement in this matter and is a member in good standing with the South Carolina Bar.

2. While the agreement was pending before the Court, respondent submitted a letter requesting permission to resign from the Bar. The request is denied.

drafted by respondent contained a provision that respondent, as attorney-in-fact, had authority to "deal with Attorney in Attorney's individual, or any fiduciary capacity in buying and selling assets, and lending and borrowing money, and in all other transactions irrespective of the occupancy by the same person of dual positions."

Respondent's representation of Client and his wife in the preparation and execution of the durable powers of attorney and the naming of respondent as attorney-in-fact presented a conflict of interest. Respondent did not advise Client and his wife of this conflict of interest.

Respondent admits misappropriating more than $400,000 from Client's personal assets for his own use and benefit by executing documents, checks, etc., as Client's attorney-in-fact. Further, respondent borrowed money from Client without obtaining his informed consent to the conflict of interest the transactions presented. Respondent failed to reduce the terms of Client's loans to respondent to writing in the form and with the substance required by the Rules of Professional Conduct.

Client initiated a civil action against respondent. Respondent settled the suit, in part by agreeing to pay restitution.

Respondent pled guilty to one count of exploitation of a vulnerable adult. He was sentenced to eighteen (18) months under house arrest.

## LAW

■■ Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.8(a) (lawyer shall not enter into business transaction with a client unless terms are fair and disclosed, client is given opportunity to seek advice of independent counsel, and client consents in writing); Rule 1.15 (lawyer shall hold property of client separate from lawyer's own property); Rule 8.4(b) (lawyer shall not commit criminal act that reflects adversely on the lawyers honesty, trustworthiness, or fitness as a lawyer in other respects); Rule 8.4(c) (lawyer shall not commit criminal act involving moral turpitude); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule

8.4(e) (lawyer shall not engage in conduct that is prejudicial to the administration of justice).

Respondent further admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice, bring courts or legal profession into disrepute, or conduct demonstrating an unfitness to practice law) and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken upon admission to practice law in this state).

## CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.