696 S.E.2d 589

**In the Matter of Sherry Bingley CRUMMEY, Respondent.**

**No. 26840.**

Supreme Court of South Carolina.

Submitted June 8, 2010.

Decided July 26, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Gibbs and Holmes, of Charleston, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment pursuant to Rule 7(b), RLDE, Rule 413, SCACR. In addition, respondent agrees to pay full restitution to clients, banks, and other persons and entities, including the Lawyers' Fund for Client Protection, who have incurred losses as a result of her misconduct and to reimburse the Commission on Lawyer Conduct (the Commission) and ODC for costs incurred in the investigation and prosecution of this matter. We accept the agreement and disbar respondent from the practice of law in this state. Further, respondent shall pay full restitution to all clients, banks, and other persons and entities, including the Lawyers' Fund, who have incurred losses as a result of her misconduct and reimburse the Commission and ODC for costs incurred in this matter. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

Respondent received checks and money orders from clients for payments to the clients' mortgage lender. Respondent accepted the checks and money orders payable to the lender and deposited some of the checks and money orders into her trust accounts and operating account.

Respondent admits she failed to make the mortgage payments for the clients, used the checks and money orders entrusted to her for purposes other than payment of the clients' mortgage, made material misrepresentations to the court at the foreclosure hearing regarding her clients' home, and that her failure to make her clients' mortgage payments resulted in the clients' home being sold at foreclosure.

Respondent acknowledges she failed to communicate with her clients regarding the foreclosure action. Respondent's clients only learned that their home was sold at the foreclosure sale when approached by the lender's real estate agent.

Due to respondent's misconduct, her clients had to obtain new counsel in an effort to save their home.[1]

Respondent admits she failed to safeguard her clients' funds. Further, she admits she wrote checks from her trust accounts for expenses such as employee payroll, her children's school programs, parking tickets, and restaurant charges.

Respondent acknowledges her trust accounts have carried a negative balance and that she had trust account checks returned for insufficient funds. She admits she did not reconcile her trust accounts, did not keep individual client ledgers, and did not retain the bank statements for her trust accounts, all of which are required by Rule 417, SCACR. In addition, she admits her records are in such disarray that the trust accounts cannot be reconciled. Respondent agrees she failed to cooperate with ODC as she failed to respond to the Notice of Full Investigation in this matter.[2]

### Matter II

Respondent admits she failed to communicate with her client in this matter regarding a probate case. Respondent settled the probate matter and funds in the amount of $6,538.90 were to be refunded to the client. Respondent admits she failed to remit the funds to her client.

Respondent admits that her client filed an action against her in summary court and was awarded a judgment. The client filed a claim with the Lawyer's Fund and was awarded $5,788.90.

Respondent acknowledges the client's funds are not in her trust accounts. Respondent admits she failed to cooperate with ODC in that she did not respond to the Notice of Full Investigation in this matter.

### Matter III

Clients retained respondent to represent them in a civil matter. Respondent admits she failed to diligently and com-

---

1. Fortunately, clients' new counsel was able to persuade the court to set aside the foreclosure sale.

2. By order dated July 8, 2009, the Court placed respondent on interim suspension. *In the Matter of Crummey*, 383 S.C. 359, 680 S.E.2d 276 (2009).

petently represent the clients, failed to communicate adequately, failed to return telephone calls in a timely manner, failed to advise the clients regarding court appearances, and failed to give them timely notice of hearings. In addition, respondent did not make timely court appearances on behalf of clients and failed to produce discovery requests to opposing counsel. Respondent admits her misconduct in the civil action caused delays in the prosecution of the case. Respondent further admits that she did not cooperate with ODC as she failed to respond to the Supplemental Notice of Full Investigation in this matter.

## Matter IV

Respondent admits that, as of July 2009, she had three fraudulent check charges which had been pending in Summary Court since June 2003. Respondent agrees she failed to timely resolve these charges, but asserts the charges have now been dismissed and expunged.

## Matter V

Respondent was appointed by the Charleston County Probate Court as Special Administrator to handle the Estate of Doe. Respondent admits she informed Doe's family that the estate would disburse funds to the family in October 2008 and that she informed the family in writing as to the amount of the disbursement. Respondent admits none of the family has received any disbursements from the estate and that she does not have the funds to disburse to the family. Further, respondent concedes she does not have records that would account for the funds of the estate. Respondent admits she failed to cooperate with ODC in that she did not respond to the Supplemental Notice of Full Investigation in this matter.

## Matter VI

Respondent admits she drafted a will for Client A naming herself as Personal Representative and Trustee of his trust. Respondent admits she did not have Client A seek the advice of other counsel prior to naming herself Personal Representative and Trustee. Further, respondent admits she had her family members witness both the will and trust and a member

of her family served as the notary for the execution of the will and trust.

Respondent agrees that, as Trustee, she was to make payments to maintain Client A's residence and for the benefit of his spouse. She admits she did not make the payments to maintain the residence or support the spouse.

Respondent admits she has taken funds belonging to the trust and converted those funds to her use. Respondent acknowledges the Probate Court ordered that she be replaced as Personal Representative and Trustee. Respondent agrees she failed to make an accounting to the new Personal Representative and to the Probate Court and has been held in contempt by the Probate Court for her failure to cooperate with the court. Respondent further admits she failed to cooperate with ODC as she did not respond to the Supplemental Notice of Full Investigation in this matter.

### Matter VII

Respondent admits she failed to pay a court reporter for a deposition transcript that was originally invoiced on October 20, 2008, in the amount of $359.25. She failed to pay the same court reporter for a deposition transcript that was originally invoiced on June 4, 2009, in the amount of $265.50. Respondent failed to cooperate with ODC in that she failed to respond to the Supplemental Notice of Full Investigation in this matter.

### LAW

Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall hold property of clients in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of client); Rule 3.3

(lawyer shall not knowingly make false statement of fact to tribunal); Rule 4.1 (in representing client, lawyer shall not knowingly make false statement of fact to third person); Rule 4.4 (in representing client, lawyer shall not use means that have no substantial purpose other than to burden third party); Rule 8.1 (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary counsel); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, and misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits she violated the financial recordkeeping provisions of Rule 417, SCACR.

Further, respondent admits her misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent. Further, we order respondent to pay full restitution to all clients, banks, and other persons and entities, including the Lawyers' Fund, who have incurred losses as a result of her misconduct and to reimburse the Commission and ODC for costs incurred in this matter. Within thirty (30) days of the date of this opinion, the Commission and respondent shall enter into a restitution agreement which complies with the directives of this opinion. Under no circumstances shall respondent be permitted to file a Petition for Reinstatement until full restitution and payment of costs have been made.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and

shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**