713 S.E.2d 261

**In the Matter of Clyde Louis PENNINGTON, Respondent.**

**No. 26999.**

Supreme Court of South Carolina.

Heard May 5, 2011.
Decided July 11, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Clyde Louis Pennington, pro se, of Laurens.

PER CURIAM.

In this attorney discipline matter, Respondent Clyde Louis Pennington has been accused of misconduct including, among other things, failure to remit funds owed to third parties, failure to refund unearned fees, failure to protect client interests upon suspension from the practice of law, and failure to respond to inquiries by the Office of Disciplinary Counsel. At the time these formal charges were filed, Respondent was subject to a two-year suspension for other misconduct. Respondent appeared *pro se* before a panel of the Commission on Lawyer Conduct ("the Panel"), and a majority of the Panel recommended Respondent be disbarred. Respondent has not opposed this recommendation. We concur in the Panel's recommendation, and therefore, Respondent is disbarred.

## I.

In October 2008, Respondent was suspended from the practice of law for two years as a result of misconduct violating Rules of Professional Conduct 1.1, 1.2, 1.3, 1.4, 1.5, 1.7, 1.8(h), 1.15, 3.1, 3.2, 3.4, 8.1, and 8.4. See *In re Pennington*, 380 S.C. 49, 668 S.E.2d 402 (2008). The Office of Disciplinary Counsel has now received six additional complaints alleging misconduct on the part of Respondent. These six complaints, summarized below, are the subject of the current proceeding.

## A.

### Misconduct in the handling of client funds

In Matters I and II, Respondent accepted fees for the purpose of representing clients in criminal matters, did no work on the matters prior to his suspension, and failed to refund the unearned attorney's fees.

In Matter III, a client facing fraudulent check charges entrusted Respondent with funds to pay the checks at issue. Respondent failed to make the payments, and the client went to jail.

In Matter IV, Respondent obtained a personal injury settlement on behalf of his client in 2003, but he failed to pay the client's medical providers and insurers out of the settlement funds. The funds owed to third parties totaled over $17,000.

At the time of his suspension in 2008, the funds in Respondent's trust account were insufficient to cover the amount due. Respondent had not maintained the trust account records required by Rule 417, SCACR.

## B.

### Failure to protect client interests upon suspension

In Matter II, Respondent did not notify his client of his suspension from the practice of law. In Matter V, Respondent likewise failed to notify his client of his suspension, even though Respondent had agreed to file an appeal on his client's behalf and had not yet done so at the time he was suspended. Respondent did not instruct his client regarding the steps necessary to protect his client's interests.

## C.

### Acting as a surety

In Matter VI, Respondent posted bond for a client in violation of Rule 604, SCACR, which provides: "An attorney or other officer of any court of this State shall not: (1) Be . . . a surety upon any recognizance or undertaking in any court of this State. . . ."

## D.

### Failure to respond

Respondent failed to respond to the Notices of Full Investigation regarding Matters I, II, and V. He also failed to appear at the investigatory interview regarding those matters. See Rule 19, RLDE, Rule 413, SCACR (permitting Disciplinary Counsel to "issue subpoenas . . . conduct interviews and examine evidence to determine whether grounds exist to believe the allegations of complaints").

Respondent did not respond to the Notice of Formal Charges. However, he did appear at the hearing before the Panel and present evidence in mitigation.

## II.

The Panel found Respondent violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competence), Rule 1.2 (scope of representation), Rule 1.3 (diligence), Rule 1.4 (communication), Rule 1.15 (safekeeping property), Rule 1.16 (declining or terminating representation), Rule 8.1 (bar admission and disciplinary matters), and Rule 8.4(e) (conduct prejudicial to the administration of justice).

The Panel considered three aggravating factors: Respondent's disciplinary history, his pattern of misconduct, and his "indifference to the disciplinary process." In mitigation, the Panel considered Respondent's testimony regarding "personal and family issues" and his acknowledgement of wrongdoing. The Panel did not consider Respondent's testimony that the funds missing from his trust account were not taken for his individual use. Respondent failed to present records in support of such testimony, and therefore, the Panel applied a "presumption that [Respondent] failed to safekeep his clients' money."

In light of these findings, three members of the Panel recommended Respondent be disbarred, while two members recommended he be suspended for a definite period of three years. In addition, the Panel recommended Respondent be ordered to pay costs and restitution and, prior to seeking reinstatement, complete the Legal Ethics and Practice Program and Trust Account School.

Respondent took no exception to the Panel report.

## III.

This Court "may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission." Rule 27(e)(2), RLDE, Rule 413, SCACR. An attorney's failure to answer the formal charges against him is an admission of the factual allegations set forth in those charges. Rule 24(a), RLDE, Rule 413, SCACR.

## IV.

We find Respondent has committed misconduct in the respects identified by the Panel. Thus, we find Respondent

violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competence), Rule 1.2 (scope of representation), Rule 1.3 (diligence), Rule 1.4 (communication), Rule 1.15 (safekeeping property), Rule 1.16 (declining or terminating representation), Rule 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), and Rule 8.4(e) (conduct prejudicial to the administration of justice).

Further, we concur in the Panel's findings that Respondent's prior disciplinary history, pattern of misconduct, and disregard for the disciplinary process are aggravating factors. Respondent was suspended in October 2008 for misconduct violating Rules of Professional Conduct 1.1, 1.2, 1.3, 1.4, 1.5, 1.7, 1.8(h), 1.15, 3.1, 3.2, 3.4, 8.1, and 8.4. In addition, Respondent's disciplinary history includes an October 2000 letter of caution citing Rule 8.1 and a December 2001 confidential admonition citing Rules 8.1 and 8.4(e).[1] Respondent's testimony in mitigation does not excuse his persistent pattern of failures to exercise appropriate diligence, safekeep his clients' property, and cooperate with the Office of Disciplinary Counsel.

We find that disbarment is an appropriate sanction in this case. *See, e.g., In re Dicks–Woolridge*, 371 S.C. 42, 637 S.E.2d 565 (2006) (disbarring an attorney who failed to repay unearned fees, failed to timely remit funds owed to third parties, converted trust funds to her own use and failed to maintain proper trust account records, failed to protect her client's interests upon suspension, and failed to cooperate with ODC's investigation). As we have recognized, "[t]he primary purpose of disbarment ... is the removal of an unfit person from the profession for the protection of the courts and the public, not punishment of the offending attorney." *In re Burr*, 267 S.C. 419, 423, 228 S.E.2d 678, 680 (1976). The current allegations, which Respondent has admitted, include misconduct that has

---

1. Respondent also received a May 2009 confidential admonition citing Rules of Professional Conduct 1.1, 1.2, 1.3, 1.4, 1.8(h), 3.3, 8.1, and 8.4, but this sanction postdated the conduct at issue in this proceeding. In addition to the disciplinary history cited above, Respondent was suspended for failure to pay annual license fees and assessments in 1999 and for failure to comply with continuing legal education requirements in 2002 and 2006.

resulted in significant harm to his clients. Moreover, Respondent's disciplinary history shows a pattern of misconduct and a persistent failure to cooperate with Disciplinary Counsel's investigations. And finally, Respondent appeared before this Court and did not oppose the Panel's recommendations.

## V.

Respondent has engaged in a pattern of misconduct warranting disbarment, and he has not raised any exceptions to that sanction. We hereby disbar Respondent. Within fifteen days of the date of this opinion, Respondent shall surrender his certificate of admission to practice law and shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR.

Pursuant to the Panel's recommendations, Respondent is ordered to pay restitution to the clients and/or third parties in Matters I through IV. He shall receive credit against these payments for any funds paid to the Lawyers' Fund for Client Protection out of his trust account at the time of his 2008 suspension. Respondent is further ordered to pay the costs of the Panel proceedings. Finally, Respondent must complete the Legal Ethics and Practice Program and Trust Account School prior to petitioning for reinstatement to the Bar.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.