395 S.C. 470 (2011)
719 S.E.2d 645
In the Matter of Matthew Edward DAVIS, Respondent.
No. 27071.
Supreme Court of South Carolina.
Heard September 22, 2011.
Decided December 5, 2011.
Rehearing Denied January 18, 2012.
*472 Disciplinary Counsel Lesley M. Coggiola, and Deputy Disciplinary Counsel Barbara M. Seymour, both of Columbia, for Office of Disciplinary Council.
Matthew Edward Davis, of Gilbert, pro se, Respondent.
PER CURIAM.
In this attorney discipline matter, the Office of Disciplinary Counsel (ODC) filed formal charges on allegations of misconduct against Matthew Edward Davis (Respondent) stemming from alleged violations of eight different Rules of Professional Conduct. Following a hearing, the Hearing Panel of the Commission on Lawyer Conduct (Panel) recommended Respondent be disbarred and ordered to pay the costs of these proceedings. The Panel also recommended that Respondent be ordered to pay restitution, reimbursement, and be required to complete the Legal Ethics and Practice Program Ethics School and Trust Account School, as a condition of reinstatement. Neither ODC nor Respondent took exception to the Panel's recommended sanctions. We agree with the Panel's findings, and adopt all of the recommended sanctions.

I. FACTUAL/PROCEDURAL HISTORY

Matter A
Respondent has been convicted for numerous traffic offenses between 1998 and 2008, including twenty driver's license suspensions and fourteen violations for Driving Under Suspension (DUS).

Matter B
In 2004, Respondent closed four loans in which his client's construction company purchased real properties. Respondent withheld approximately $3,000 from the four closings to pay property taxes on his client's behalf. Because Respondent did not pay the taxes, this forced the client to pay these taxes *473 from his own income to avoid a tax sale. Additionally, Respondent used the withheld funds to pay a "consultant," unauthorized by the client, and who did not actually participate in the closing transactions. The closing's settlement statements, prepared by Respondent, erroneously reflected property tax payments that did not occur and did not accurately reflect the unauthorized payment to a consultant.

Matter C
Respondent accepted $350 from a client and agreed to perform title work, and to obtain a title insurance policy. Respondent used the client's funds to pay the premium to the title insurance company, but the client never received the policy. Respondent claims that a previous outstanding mortgage on the property prevented issuance of the policy, but admitted that he should not have used the client's money to pay the premium after the policy could not be obtained.

Matter D
In 1996, Respondent handled property transactions for a deceased woman's estate. Respondent accepted funds on behalf of the estate's heirs but one of the heirs could not be located. Respondent deposited $1,486.11 into a Certificate of Deposit (CD) account at BB & T on behalf of the missing heir. Respondent closed the CD account in May 2003 and deposited the funds into an investment account with Carolina First Bank (Carolina First)[1]. Respondent then withdrew the entire amount, an estimated $2,794.62, and transferred the funds to his friend, an investor in California. This transfer and subsequent investment led to the loss of all funds.

Matter E
In 2002, Respondent contracted with a title abstractor to perform work on behalf of Respondent's clients. Respondent failed to pay the title abstractor for the work she performed. The title abstractor sued Respondent for $25,090 and obtained a default judgment. Although Respondent disputes the total *474 amount owed he did not appeal or contest the default judgment. The default judgment remains outstanding.

Matter F
This Court placed Respondent on interim suspension on February 4, 2005. ODC alleged that Respondent engaged in the unauthorized practice of law by continuing to represent clients, and assist others in the practice of law during his suspension.
Specifically, ODC alleged that in 2005 and 2006, Respondent's friend approached him with mortgages already bearing the borrower's signatures. Respondent then signed as a witness to the borrower's signatures, even though Respondent did not know whether an attorney facilitated the closing and did not witness the borrowers execute the documents. Respondent then notarized the attestation clause falsely stating that he witnessed the mortgage's execution.
In 2009, ODC alleges, a client retained Respondent to conduct a title search and render a title opinion in exchange for $100. Respondent failed to provide the title opinion in a timely manner, and blamed the delay on out-of-state "litigation." Respondent claims that he requested the $100 payment from the client to pay for copy expenses, and that he agreed to check the title only, not to provide a title opinion. However, in an email communication with the client, Respondent referred to himself as "esquire," and stated his intention to provide a "final opinion of title."

Panel's Recommendation
The Panel found that Respondent committed misconduct with respect to all of the above matters. Therefore the Panel found Respondent violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (Diligence); Rule 1.15 (Safekeeping of Property); Rule 4.1 (Truthfulness in Statements to Others); Rule 4.4 (Respect for Rights of Third Persons); Rule 5.5 (Unauthorized Practice of Law); Rule 8.1(b) (Bar Admissions and Disciplinary Matters); Rule 8.4 (Conduct Involving Dishonesty); Rule 8.4(b) (Criminal Conduct); and Rule 8.4(d) (Conduct Involving Dishonesty). The Panel also determined the Respondent violated Rule 417 (Financial Recordkeeping), SCACR.
*475 The Panel considered three aggravating circumstances: Respondent's prior disciplinary offenses[2], the pattern of misconduct, and Respondent's lack of cooperation with ODC's investigation.[3]
Based on these findings the Panel recommended that this Court: (1) disbar Respondent from the practice of law; (2) order Respondent to pay restitution to his former clients and third parties harmed by his misconduct (3) order Respondent to reimburse the Lawyers' Fund for Client Protection for sums paid on his behalf; and (4) require Respondent to complete the Legal Ethics and Practice Program Ethics School and Trust Account School as a condition of reinstatement.

II. DISCUSSION
The sole authority to discipline attorneys and decide appropriate sanctions rests with this Court. In re Welch, 355 S.C. 93, 96, 584 S.E.2d 369, 370 (2003); In re Thompson, 343 S.C. 1, 10-11, 539 S.E.2d 396, 401 (2000). We are not bound by the Panel's recommendation and may make our own findings of fact and conclusions of law. In re Hazzard, 377 S.C. 482, 488, 661 S.E.2d 102, 106 (2008). Nonetheless, the findings and conclusions of the Panel are entitled much respect and consideration. Thompson, 343 S.C. at 11, 539 S.E.2d at 401. Moreover, "[a] violation must be proven by clear and convincing evidence." In re Greene, 371 S.C. 207, 216, 638 S.E.2d 677, 682 (2006); see also Rule 8, RLDE, Rule 413, SCAR ("Charges of misconduct or incapacity shall be established *476 by clear and convincing evidence, and the burden of proof of the charges shall be on the disciplinary counsel.").
We agree with the Panel that Respondent committed misconduct with respect to all of the matters discussed above. Neither party takes exception to the Panel's findings. Accordingly, "the parties are deemed to have accepted the Panel's findings of fact, conclusions of law, and recommendations" as to these matters. In re Prendergast, 390 S.C. 395, 396 n. 2, 702 S.E.2d 364, 365 n. 2 (2010) (citing Rule 27(a), RLDE, Rule 413, SCACR, which states "The failure of a party to file a brief taking exceptions to the report constitutes acceptance of the findings of fact, conclusions of law, and recommendations.").
Thus we find Respondent violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (Diligence); Rule 1.15 (Safekeeping of Property); Rule 4.1 (Truthfulness in Statements to Others); Rule 4.4 (Respect for Rights of Third Persons); Rule 5.5 (Unauthorized Practice of Law); Rule 8.1(b) (Bar Admissions and Disciplinary Matters); Rule 8.4 (Conduct Involving Dishonesty); Rule 8.4(b) (Criminal Conduct); Rule 8.4(d) (Conduct Involving Dishonesty); and Rule 417 (Financial Recordkeeping) SCACR.
We conclude that Respondent's misconduct, coupled with his failure to provide any explanation, warrants disbarment from the practice of law. This Court has recognized that "the primary purpose of disbarment ... is the removal of an unfit person from the profession for the protection of the courts and the public, not punishment of the offending attorney." In re Pennington, 393 S.C. 300, 304, 713 S.E.2d 261, 263 (2011) (citing In re Burr, 267 S.C. 419, 423, 228 S.E.2d 678, 680 (1976)). Moreover, a central purpose of the disciplinary process is to protect the public from unscrupulous and indifferent lawyers. In re Hall, 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998); see also In re Sifly, 279 S.C. 113, 115, 302 S.E.2d 858, 859 (1983) (finding disbarment appropriate for an attorney who failed to timely file an appeal on behalf of a client, failed to adequately represent a client in a trust fund matter resulting in significant monetary losses by the client, drew checks on his personal account that were not sufficiently funded, had a civil judgment entered against him, and failed to *477 cooperate with disciplinary authorities or appear to contest the charges against him).
Respondent engaged in conduct which violated state law and the orders of this Court. He failed to adequately represent clients, sufficiently respect the rights of third parties, or satisfy adverse monetary judgments. Respondent is clearly not fit to practice law. We disbar Respondent. Within fifteen days of the filing date of this opinion, Respondent shall surrender his certificate of admission to practice law and shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR.
Pursuant to the Panel's recommendations, Respondent is ordered to pay restitution to his former clients and third parties harmed by his misconduct, reimburse the Lawyers' Fund for Client Protection for sums paid on his behalf, and complete the Legal Ethics and Practice Program Ethics School and Trust Account School as a condition of his reinstatement. Further, Respondent is ordered to pay the costs of the Panel proceedings within 60 days.
TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.
NOTES
[1] At the hearing, Respondent failed to provide documentation of any investment account at Carolina First or any deposits made into such an account.
[2] Respondent's disciplinary history includes a letter of caution in 1998 citing Rules 1.1 (Competence), 1.3 (Diligence), and 1.15 (Safekeeping Property) of the Rules of Professional Conduct, Rule 407, SCACR; a public reprimand in 2000 for failing to comply with Rule 417 (Financial Recordkeeping) SCACR, and for violations of Rules 1.1 (Competence), 1.3 (Diligence), 1.15 (Safekeeping Property) and 8.4(a) and (e) (Misconduct) of the Rules of Professional Conduct, Rule 407, SCACR; and a definite suspension for sixty days in 2002 for violating Rules 1.1 (Competence), 1.3 (Diligence), 1.4 (Communication), 3.2 (Expediting Litigation), 5.5 (Unauthorized Practice Law), and 8.4(a) and (e) (Misconduct) of the Rules of Professional Conduct, Rule 407, SCACR.
[3] Throughout ODC's investigation into all of the matters described above, Respondent failed to comply with ODC's requests and subpoenas.