723 S.E.2d 366

**In the Matter of William R. TAYLOR, Respondent.**

**No. 27098.**

Supreme Court of South Carolina.

Heard Jan. 24, 2012.

Decided Feb. 29, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William R. Taylor, pro se, of Columbia.

PER CURIAM.

In this attorney discipline matter, Respondent William R. Taylor has been accused of misconduct including, among other things, failure to remit funds owed to third parties, failure to safeguard clients' funds, and failure to respond to inquiries by the Office of Disciplinary Counsel (ODC). The allegations of misconduct arose from two separate sets of formal charges, to which Respondent failed to file any response. A single hearing was held before a panel of the Commission on Lawyer Conduct (the Panel) regarding both sets of formal charges. The Panel recommended that Respondent be disbarred. Respondent has not opposed this recommendation. In light of the egregious nature of Respondent's misconduct, we disbar Respondent.

## I.

On October 9, 2009, Respondent was placed on Interim Suspension by order of this Court. *In re Taylor*, 395 S.C. 39, 716 S.E.2d 877 (2009). The current proceedings arise from eight separate complaints. Respondent failed to answer the formal charges against him. The factual allegations in the formal charges are summarized below.

## A.

## Failure to Safeguard Funds

In connection with four real estate transactions, Respondent failed to timely disburse loan payoff proceeds totaling $433,532. Respondent failed to properly safeguard funds belonging to First Citizens Bank.

## B.

## Misappropriation of Client Funds

In three separate matters, Respondent served as a qualified intermediary in connection with a real estate transaction. Respondent failed to timely deliver client funds, and checks totaling more than $672,766 were declined due to insufficient funds in Respondent's account. In each of the matters, Respondent had either converted or misappropriated the funds belonging to his clients.

Further, in one of the matters, Respondent failed to file with his financial institution a written directive requiring it to report to the Commission on Lawyer Conduct when any properly payable instrument drawn on Respondent's account was presented for payment against insufficient funds.

## C.

## Criminal Conviction

On April 14, 2010, Respondent pled guilty to one count of breach of trust with fraudulent intent, value of $5,000 or more, in violation of S.C.Code Ann. § 16–13–230(B)(3) (2003). Respondent was sentenced to ten years' imprisonment, suspended upon the service of three years' imprisonment and five years' probation. Respondent was also ordered to pay restitution in the amount of $349,713.56.[1]

## D.

## Incurring Debt in Wife's Name

Respondent secured a loan in the name of his wife without her knowledge and consent. Loan proceeds in the amount of

---

1. Respondent indicated during oral argument that this amount remains unpaid.

$1,200 were made payable to Respondent's wife. Respondent endorsed the check by forging his wife's signature and used the loan proceeds for his own benefit.

Approximately six weeks later, Respondent forged his wife's signature to a promissory note, promising to pay the note's holders a sum of $27,707 in monthly installments. Like the loan mentioned above, the promissory note was executed without the knowledge and consent of Respondent's wife.

## E.

### Failure to respond

Respondent failed to respond to inquiries by ODC, even after receiving a follow-up letter pursuant to *In re Treacy*,[2] advising him to file a written response.

## II.

At the hearing, the Panel considered as an aggravating factor the harm suffered by Respondent's clients as a result of his actions, noting the clients suffered substantial economic losses.[3] The Panel recommended Respondent be disbarred. The Panel further recommended that Respondent be ordered to pay restitution in the amount of $349,713.56 and the costs of these proceedings.[4]

Respondent took no exception to the Panel report.

## III.

"The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court." *In re Boney*, 390 S.C. 407, 414, 702 S.E.2d 241, 244 (2010). This Court "may accept, reject, or modify in whole or in part

2. 277 S.C. 514, 290 S.E.2d 240 (1982).

3. Although Respondent appeared at the Panel hearing, he elected not to cross-examine any witnesses or offer any evidence in mitigation.

4. Specifically, the Panel recommended that Respondent be ordered to pay restitution in accordance with the terms set forth by the circuit court in connection with his criminal charges and that Respondent be required to provide proof of all restitution payments to the Commission on Lawyer Conduct within fifteen days.

the findings, conclusions and recommendations of the Commission." Rule 27(e)(2), RLDE, Rule 413, SCACR. An attorney's failure to answer the formal charges against him is an admission of the factual allegations set forth in those charges. Rule 24(a), RLDE, Rule 413, SCACR. "This Court has never regarded financial misconduct lightly, particularly when such misconduct concerns expenditure of client funds or other improper use of trust funds." *In re Johnson*, 385 S.C. 501, 504, 685 S.E.2d 610, 611 (2009) (internal quotations omitted).

## IV.

We find Respondent has committed misconduct in the respects identified by the Panel. Thus, we find Respondent violated the following Rules of Professional Conduct: Rule 1.15 (safekeeping property), Rule 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), Rule 8.4(a) (misconduct), Rule 8.4(b) (criminal acts), Rule 8.4(d) (conduct involving dishonesty, fraud, deceit or misrepresentation), and Rule 8.4(e) (conduct prejudicial to the administration of justice). We also find Respondent's misconduct constituted grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement: Rule 7(a)(1) (violation of the Rules of Professional Conduct), Rule 7(a)(3) (knowing failure to respond to a lawful demand from a disciplinary authority), and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice and to bring the courts and the legal profession into disrepute, and demonstrating an unfitness to practice law).

We find the Panel's recommendation of disbarment is appropriate in this case. *See, e.g., In re Crummey*, 388 S.C. 286, 696 S.E.2d 589 (2010) (disbarring attorney where attorney's misconduct included misappropriating client funds, failing to diligently pursue client matters, failing to communicate with clients, writing trust account checks that were returned for insufficient funds, and failing to cooperate with ODC); *In re Williams*, 376 S.C. 640, 659 S.E.2d 100 (2008) (disbarring attorney where attorney misappropriated $400,000 of client assets and pled guilty to one count of exploitation of a vulnerable adult); *In re Cunningham*, 371 S.C. 503, 640 S.E.2d 461 (2007) (disbarring attorney where attorney misap-

propriated approximately $70,000 in estate funds, failed to maintain separate trust and operating accounts, and provided false information to his client in an attempt to conceal his misappropriation of estate funds); *In re Kennedy,* 367 S.C. 355, 626 S.E.2d 341 (2006) (disbarring attorney where attorney falsified a HUD–1 Settlement Statement, failed to remit loan proceeds, issued title insurance policy which included a forged signature and false certifications, misappropriated at least $280,000 in client funds, and pled guilty to one count of mail fraud).

■ As we have recognized, "[t]he primary purpose of disbarment ... is the removal of an unfit person from the profession for the protection of the courts and the public, not punishment of the offending attorney." *In re Burr,* 267 S.C. 419, 423, 228 S.E.2d 678, 680 (1976). The current allegations, which Respondent has admitted, include misconduct that has resulted in significant harm to his clients. Respondent admitted at oral argument he stole client funds simply to support a more lavish lifestyle. Moreover, Respondent has not raised any exceptions to the Panel's report recommending that he be disbarred. Accordingly, we find disbarment is an appropriate sanction.

## V.

Respondent has engaged in egregious financial misconduct. We hereby disbar Respondent. Further, Respondent is ordered to pay restitution in the amount of $349,713.56, and Respondent must enter into a restitution agreement with ODC within ninety days of the date of this opinion.[5] Additionally, Respondent is ordered to pay the costs of this action within thirty days of the date of this opinion. Within fifteen days of the date of this opinion, Respondent shall surrender his certificate of admission to practice law and shall file an affidavit with

---

5. The order of the circuit court requiring Respondent to pay restitution is not included in the record before the Court. To the extent that order provides for a timeframe within which the $349,713.56 in restitution must be paid, the agreement Respondent enters into with ODC shall be no less restrictive than the circuit court's order; however, this Court has no objection to those terms being incorporated in the restitution agreement Respondent must enter into with ODC.

the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DISBARRED.**