# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of James R. Jones, II,     Respondent.

Appellate Case No. 2015-000535

Opinion No. 27544
Submitted June 16, 2015 – Filed July 8, 2015

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex
Davis, Jr., Senior Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Desa Ballard, of Ballard & Watson, of West Columbia,
for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of any sanction in Rule 7(b), RLDE.  He requests that the sanction
be imposed retroactively to November 27, 2007, the date of his interim suspension.
In the Matter of Jones, 375 S.C. 493, 654 S.E.2d 271 (2007).  Respondent further
agrees to enter into a restitution plan with the Commission on Lawyer Conduct (the
Commission) to repay persons and entities harmed as a result of his misconduct.
Finally, in the event he is reinstated to the practice of law, respondent agrees to
complete the Legal Ethics and Practice Program Ethics School and Trust Account
School with twelve (12) months of the date of his reinstatement.  We accept the
Agreement and disbar respondent from the practice of law in this state, not
retroactively to the date of his interim suspension.  Further, within thirty (30) days
of the date of this order, respondent shall enter into a restitution plan with the
Commission to pay restitution as directed hereafter in this opinion.  Finally, in the

event he is reinstated to the practice of law, respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School no later than twelve (12) months from the date of his reinstatement. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

On March 29, 2007, respondent took possession of $1,400,000 for Complainant A from the sale of property in Horry County. Respondent agreed to hold the proceeds from the transaction in trust on behalf of Bogey Exchange Company, Inc., which was created by respondent to act as a Qualified Intermediary.

In June 2007, respondent issued a check from the Bogey Exchange Company trust account to Complainant A's sister that was returned for insufficient funds. Within approximately fourteen (14) days, respondent made the check good. After June 2007, respondent failed to return repeated messages from Complainant A regarding the monies in the trust account.

On November 7, 2007, respondent issued two checks for $158,721.58 and $135,000 from the Bogey Exchange Company trust account made payable to Complainant A. Before depositing the checks, Complainant A was able to verify with the bank that there were insufficient funds in the Bogey Exchange Company account to cover the checks. Respondent admitted to Complainant A that he could not account for the missing funds that he was holding in trust.

### Matter II

In May 2005, respondent took possession of monies belonging to Complainant B and agreed to hold the monies in trust. Respondent placed the monies into a trust account styled as "Complainant B Trust." The Complainant B Trust held $1,300,000 at the time respondent created the trust.

On November 28, 2007, respondent closed the account. Respondent failed to return several calls from Complainant B seeking information relating to the monies, as well as copies of bank statements and other financial information relating to the Trust. Respondent admits he cannot account for the missing funds placed in Complainant B's Trust.

Matter III

At some point after the death of Jane Doe in June 2005, respondent was appointed as co-personal representative with James S. Pope, Esquire. An agreement was reached between respondent and Mr. Pope that respondent would handle the legal and tax work for the Estate of Jane Doe.

In January 2007, respondent took possession of two checks in the total amount of $13,002.00 from a payor on behalf of the Estate of Jane Doe. Respondent opened an estate account with a bank shortly after receiving the two checks and deposited the entire amount into the account. Respondent admits he cannot account for the Estate of Jane Doe's funds.

**Law**

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (lawyer shall provide prompt communication to client and promptly comply with reasonable requests for information); Rule 1.5 (lawyer shall not charge or collect unreasonable fee or amount for expenses); and Rule 1.15 (lawyer shall safekeep client funds; lawyer shall promptly deliver to client or third person any funds or other property that client or third person entitled to receive; upon request by client, lawyer shall promptly render full accounting regarding client's funds). Respondent further admits he has violated the provisions of Rule 417, SCACR.

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

**Conclusion**

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. The disbarment shall not be made retroactive to the date of respondent's interim suspension. Within thirty (30) days of the date of this order, respondent shall enter into a restitution plan with the Commission to pay restitution to the following persons and entity: Complainant A - $1,400,000; Complainant B - $1,300,000; and the Estate of Jane Doe - $13,002. Payments may be offset by any amount paid by respondent's malpractice carrier and the Lawyers' Fund for Client Protection (Lawyers' Fund) and any amounts previously paid by respondent. Respondent shall fully reimburse the Lawyers' Fund for all claims

paid on his behalf as required by Rule 411(c)(2), SCACR, prior to his reinstatement to the practice of law. In the event he is reinstated to the practice of law, respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School no later than twelve (12) months from the date of his reinstatement. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**