# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William Franklin Warren, III,
Respondent.

Appellate Case No. 2015-002378

---

Opinion No. 27643
Heard May 17, 2016 – Filed June 29, 2016

---

## DISBARRED

---

Disciplinary Counsel Lesley M. Coggiola and
Deputy Disciplinary Counsel Barbara M. Seymour, for
the Office of Disciplinary Counsel.

William Franklin Warren, III, Respondent, pro se.

---

**PER CURIAM:** In this attorney disciplinary matter, Respondent William
Franklin Warren, III, admits misconduct including, among other things,
misappropriating over $171,392 held in various trusts for which he served as
trustee, converting client funds for his personal use, failing to perform work for
which he had been paid, failing to return unearned fees, failing to record deeds and
other original documents, and failing to respond to inquiries by the Office of
Disciplinary Counsel (ODC). ODC filed formal charges against Respondent,
which resulted in a hearing before a panel of the Commission on Lawyer Conduct
(the Panel). The Panel recommended that Respondent be disbarred, to which
Respondent took no exception. In light of the egregious nature of Respondent's
misconduct, we disbar Respondent.

# I.

On December 18, 2013, Respondent was placed on interim suspension by Order of this Court. *In re Warren*, 406 S.C. 483, 752 S.E.2d 548 (2013). The current proceedings arise from four separate complaints. Respondent failed to answer the formal charges, and by failing to answer, Respondent thus admitted the allegations. Rule 24(a), RLDE, Rule 413, SCACR. The factual allegations in the formal charges are summarized below.

## A.
### Misappropriation of Client Funds

Respondent mismanaged and misappropriated $171,392 from three trust accounts for which he served as trustee, using the stolen funds to operate his law firm and to support a lifestyle that he could not otherwise afford.[1] We note Respondent is the uncle and godfather of the beneficiaries of the trusts from which he stole money.

## B.
### Failing to Perform Services

In three different matters, Respondent undertook representation and accepted over $40,000 in fees, but failed to perform the services promised or reimburse fees for work not completed. Following Respondent's interim suspension, the attorney appointed to protect Respondent's clients' interests reported being unable to find any operating account or trust account for Respondent's law practice and that there were no funds available to reimburse any monies.

## C.
### Mishandling of Corporate and Estate Matters

Respondent collected over $20,000 in fees to perform estate planning and

---

[1] In November 2012, Respondent signed a settlement agreement promising to repay the stolen funds plus 8% interest, along with three confessions of judgment, which were to be filed in the event Respondent failed to make payments under the agreed-upon repayment plan set forth in the settlement agreement. Respondent failed to make payments, and the confessions of judgment were filed in July 2013.

corporate work for a client; however, Respondent mishandled the estate plan and allowed the client's corporate registration to lapse for seven years, resulting in forfeiture of the client's corporate charter and the client incurring $1,700 in penalties and more than $13,000 in attorney's fees paid to different counsel to reinstate the corporate charter and correct the client's estate plan.

## D.
## Failure to Safeguard Funds

Respondent prepared a will for a client, and after the client's passing, $18,000 cash was found in the client's home and delivered to Respondent to hold in trust. Respondent converted those funds, and none of the funds remained in trust at the time of Respondent's interim suspension.

## E.
## Failure to Record Original Documents

Following Respondent's interim suspension, a review of client files revealed Respondent's possession of numerous original documents (primarily deeds conveying real property into living trusts, some several years old) that had not been filed by Respondent, despite Respondent having been paid fees to do so.

## F.
## Failure to Respond

Respondent failed to respond to several investigative inquiries by ODC, including follow-up letters pursuant to *In re Treacy*[2] advising him to file a written response.

## II.

In light of the nature and extent of Respondent's misconduct, the Panel recommended Respondent be disbarred. The Panel further recommended Respondent be ordered to pay restitution in the amount of $244,772.22 and the costs of these proceedings. Respondent took no exception to the Panel report.

---

[2] 277 S.C. 514, 290 S.E.2d 240 (1982).

**III.**

This Court "may accept, reject, or modify in whole or in part the findings, conclusions[,] and recommendations of the Commission [on Lawyer Conduct]." Rule 27(e)(2), RLDE, Rule 413, SCACR. "The Rules of Professional Conduct are rules of reason. They should be interpreted with reference to the purposes of legal representation and of the law itself." Scope, RPC, Rule 407, SCACR. "This Court has never regarded financial misconduct lightly, particularly when such misconduct concerns expenditure of client funds or other improper use of trust funds." *In re Johnson*, 385 S.C. 501, 504, 685 S.E.2d 610, 611 (2009) (internal quotation marks omitted). As we have recognized, "[t]he primary purpose of disbarment . . . is the removal of an unfit person from the profession for the protection of the courts and the public, not punishment of the offending attorney." *In re Burr*, 267 S.C. 419, 423, 228 S.E.2d 678, 680 (1976).

Respondent has admitted theft that has resulted in significant harm to his clients and failed to participate in the disciplinary investigation. At oral argument before this Court, Respondent requested that his "license be taken."[3] Because of the prevalent nature of Respondent's theft and wrongdoing, we find Respondent committed misconduct in the respects identified by the Panel. Thus, we find Respondent violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competence); Rule 1.2(a) (consult with client); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.5(a) (charging an unreasonable fee); Rule 1.5(b) (communicate basis for fee); Rule 1.15 (safekeeping property); Rule 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (misconduct); Rule 8.4(b) (criminal act); Rule 8.4 (c) (criminal act involving moral turpitude); Rule 8.4(d) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (conduct prejudicial to the administration of justice). We also find Respondent's misconduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violation of the Rules of Professional Conduct); Rule 7(a)(3) (knowing failure to respond to a lawful

---

[3] On the eve of oral argument, Respondent requested permission to surrender his law license upon the condition that he be permitted to seek readmission to the Bar in the future. However, during oral argument, when Respondent learned his proposed conditional resignation was not permitted under Rule 35, RLDE, Rule 413, SCACR, he withdrew his resignation request and asked instead to be disbarred.

demand from a disciplinary authority); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice and to bring the courts and the legal profession into disrepute or demonstrating an unfitness to practice law); and Rule 7(a)(6) (violation of the Lawyer's Oath).

We concur with the Panel's recommendation of disbarment. *See, e.g.*, *In re Jones*, 413 S.C. 29, 774 S.E.2d 467 (2015) (disbarring attorney for misappropriating client funds and failing to communicate with clients); *In re Lafaye*, 399 S.C. 12, 731 S.E.2d 282 (2012) (disbarring attorney for misappropriating client funds in two trust accounts); *In re Crummey*, 388 S.C. 286, 696 S.E.2d 589 (2010) (disbarring attorney for misappropriating client funds, failing to diligently pursue client matters, failing to communicate with clients, writing trust account checks that were returned for insufficient funds, and failing to cooperate with ODC); *In re Williams*, 376 S.C. 640, 659 S.E.2d 100 (2008) (disbarring attorney for misappropriating $400,000 of client assets and pleading guilty to one count of exploitation of a vulnerable adult); *In re Cunningham*, 371 S.C. 503, 640 S.E.2d 461 (2007) (disbarring attorney for misappropriating approximately $70,000 in estate funds, failing to maintain separate trust and operating accounts, and providing false information to his client in an attempt to conceal his misappropriation of estate funds); *In re Kennedy*, 367 S.C. 355, 626 S.E.2d 341 (2006) (disbarring attorney for falsifying a HUD-1 Settlement Statement, failing to remit loan proceeds, issuing a title insurance policy which included a forged signature and false certifications, misappropriating at least $280,000 in client funds, and pleading guilty to one count of mail fraud).

## IV.

In light of Respondent's pervasive misconduct, Respondent is hereby disbarred, retroactive to the date of his interim suspension. Within sixty days of the date of this opinion, Respondent shall enter into a monthly payment plan with the Commission on Lawyer Conduct to pay restitution in the amount of $244,722.22. Additionally, Respondent is ordered to pay the costs of these proceedings within sixty days of the date of this opinion. Further, within fifteen days of the date of this opinion, Respondent shall surrender his Certificate of Admission to the

Practice of Law and shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**